## SIMPSON, Tutor, *v.* POWELL, Administrator.

It is not sufficient for the plaintiff to make out a probable case, he must make it certain. And where the suit is delayed until after the death of the person against whom the claim is alleged to have existed, and where, if it existed at all, it must have been known in his lifetime, the testimony should be peculiarly strong.

APPEAL from the District Court of the Parish of Caddo, *Jones*, J. *Land* and *Cook*, for plaintiff. *Roysdon* and *Spofford*, and *Crain*, for defendant. By the court:

ROST, J. *Benjamin Davis* died in the month of January, 1847, leaving as his heirs *Celina Davis*, the mother of the minor, for whose benefit the plaintiff sues, *Martha Davis*, wife of *W. Morgan*, and *Emily C. Davis*, the surviving wife and administratrix of *Augustus N. Powell*, who died in the fall of 1850.

The petition alleges that *Davis* had, when he died, a sum of $6000 in his house; and that *Powell*, who lived with him at the time, took that sum and converted it to his own use. The prayer is, that his administratrix be compelled to account to the plaintiff for one-third of said amount. In an amended petition the plaintiff further alleges, that *Powell* received from *Davis*, in his lifetime, the sum of $3000, to be invested in land and slaves, for which he never accounted; he also prays judgment for one-third of said sum. *Mrs. Morgan* has joined the plaintiff in the action, praying for her share of whatever may be recovered.

The defence is a general denial. There was judgment against the succession of *Powell* for $1700, to be distributed among the three heirs. The defendant has appealed.

The district judge states at large in his opinion, the evidence upon which he relies. That evidence makes out a probable case in favor of the plaintiff. But this is not sufficient, he should have made his case certain; and the testimony adduced by him should have been peculiarly strong and conclusive to do away the unfavorable presumption arising from the delay in bringing the suit, and from the fact that it was not commenced until after the death of *Powell*, although the main fact upon which it rests must, if it existed, have been known to the children of *Davis* at the time it occurred.

There is no direct proof of the taking of the money by *Powell*, or anything inconsistent with the hypothesis that if money of *Davis* came into his possession, it was given to him by *Davis* himself.

As the judgment below was for the plaintiff, we would, perhaps, have remanded the case but for some circumstances which the record discloses. One witness testified much more positively in favor of the plaintiff than any other, but his testimony is so pregnant with falsehood that the district judge has taken no notice of it in his elaborate opinion. It is shown that this witness resides out of the parish in which the case was tried; that the plaintiff went for him and procured his personal attendance at two successive terms of the court. We will not give the opportunity of renewing such exhibitions.

It is ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both courts.