By the Court, Barbour, J.
This action was brought, originally, against the mayor, aldermen and commonalty of the city of Yew York, and no others, as defendants. When the cause came on to be tried, however, the “ plaintiff’s counsel moved to amend the complaint, in pursuance of a consent, signed at the office of the corporation counsel, hy substituting the Board of Supervisors of the county of Yew York as defendants, in place of the mayor, aider-men,” &c.; which motion was granted by the court, andj so far as appears, without opposition, or even an appearance on the part of the board of supervisors. Motions were then made by some person, whose name does not appear, but who is mentioned in the case as “counsel for the defense,” and “ defendants’ counsel,” to dismiss the complaint, upon which motions the court reserved its decisions. ' Witnesses were then examined and the cause was tried, some person acting as “ defendants’ counsel,” and taking a part in examining witnesses, &c. and the trial resulted in a verdict and judgment for the plaintiff for $4500 damages, it being an action for negligence in causing the death of the plaintiff’s husband and intestate.
Before the case was submitted to the jury, the person acting as the defendants’ counsel asked the court to charge them, “ that the defendants are entitled to a verdict, as this action will not lie against themwhich was. refused1, and an exception taken. Several other exceptions- were taken during the progress of the trial, and, also, to a portion of the judge’s charge, in which he directed the jury to render a verdict for the plaintiff, in case they should find certain facts proven. The case comes here upon an appeal from the judgment.
*466 The first point raised hy the counsel for the appellants is, that the order directing the complaint to he amended, hy striking out “the mayor,” &c. as defendants, and inserting, in lieu thereof, “The Board of Supervisors,” &c. was ultra vires. The importance of this point is apparent. For, if the court exceeded its powers in directing the substitution, it is quite clear that it had no jurisdiction to try the cause after the amendment was made, or to render a judgment against these appellants.
The words “ consent, signed,” &c. used in the case in stating the making of the order, taken in connection with the fact that such consent was signed at the office of the corporation counsel, and not in open court, seem to import a paper signed by some one for, and on behalf of, the parties to the suit, or one of'them, as the action then stood. I can imagine no other consent or stipulation that could, to any extent, affect the condition of the action, or the rights o f the parties to it.
Although the corporation counsel, who is, also, the legal adviser of the Board of Supervisors, states in his argument here, and in his brief, that he did not personally consent to the change of parties, and was not present in court when the substitution was made, it is quite possible that such consent was given, in his office, by one of his assistants, in his name, and acting in his behalf. But, if so, even if we may concede' the power of such assistant to bind, by his consent or stipulation, in an important matter of substance, the mayor, aldermen and commonalty, as the clients in the action of his principal, it is quite certain that he had no power, as the representative of the legal adviser of the Board of Supervisors, to give a valid consent or stipulation, even in an action to which such board were parties ; much less, a consent by which they wrere to be made parties defendants to an action in which they had not been served with process, nor ever given a direction *467 to appear or defend. Indeed, no such power is conferred upon the legal adviser himself, by the act of 1857, making the corporation counsel the legal adviser of the Board of Supervisors. The very name of his office, if it may be called one, defines his duties and their extent.
Hor, even, if we may assume, as I think it is our duty to do, inasmuch as all reasonable presumptions and intendments must be taken in favor of sustaining a judgment, that the consent in question was given by the Board of Supervisors themselves, or their duly authorized agent or attorney, (which is, certainly, the theory, of all others, most favorable to the plaintiff,) still I am of opinion that the order made by the court upon the trial, on that consent, by which the Board of Supervisors were substituted as defendants, in the place of the mayor, &c. was, and is, invalid and void, because ultra vires. For, an action against the Board of Supervisors, based upon the allegation that the negligence of that body caused the death of a person, is another and quite different action from one against the mayor, aldermen and commonalty, in which they are charged with causing such death by their negligence, although the person killed may be the same in both cases. The consent, order and change of parties, therefore, constitute an attempt to institute an action against the Board of Supervisors, without such service of a summons upon them, as is required by the statute, in order to commence and give vitality to an action, and confer jurisdiction thereof upon the court. (See 1 R. S. 384, § 2; Code, § 127.)
Having arrived at this conclusion, it is unnecessary to consider the further objections raised by the counsel for the board.
The judgment and verdict, together with the order in question, should be vacated and set aside, leaving the original action against the mayor, aldermen and com *468 monalty, to be disposed of as the parties thereto shall be advised. ■ But no costs of appeal should be given to the supervisors, as their object could have been attained by a mere motion at special term, and an appeal from the judgment was, for that reason, unnecessary.