No. 109.

35 1033
e120 569

SUCCESSION OF L. BODENHEIMER.

An order refusing the removal of a cause from a State to a Federal Court, is an interlocutory decree, which cannot work irreparable injury and is, therefore, not appealable.

APPEAL from the First District Court, Parish of Caddo.   *Taylor*, J.

*Alexander & Blanchard* for Plaintiffs and Appellees.

*Land & Land* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.   This appeal is taken by S. Levy, Jr., liquidator of the commercial partnership of Levy & Bodenheimer, from a decree of the District Court refusing his application for the removal of the cause to the Circuit Court of the United States, Western District of Louisiana.

The motion to dismiss is based on the ground, that the judgment appealed from is an interlocutory decree, which cannot work irreparable injury to appellant, and is therefore not appealable.   The motion is well taken and must prevail.

The judgment complained of is not a final disposition of the cause, but its effect is merely to retain the case in the court in which it was presented.   If the Judge erred in his ruling, his error can be corrected on appeal from the final judgment which he will render in the premises, and the injury is, therefore, not irreparable.

As the law abhors a multiplicity of suits, so will courts discountenance unnecessarily numerous appeals, when the evil complained of can be remedied in a single appeal.

Few points of practice are more clearly and more firmly settled in our jurisprudence than that which denies the right of appeal from an order of court refusing an application for removal of a cause to a Federal Court.   Ralph vs. Claiborne, 2 M. 176; Higgins vs. McMicken, 6 N. S. 712; Baron vs. Kingsland, 5 La. 378; New Orleans vs. Shepherd, 9 An. 241; Chapman vs. Judge, 15 An. 336.

A wide distinction exists, and must be made, between an order refusing the removal and a decree which grants such an application.

In the former case it does not finally dispose of the suit, and in the latter it operates a final disposition of the cause *quoad* the court in which it had been instituted.

In the latter case an appeal lies, and has been frequently entertained in similar circumstances.   Rosenfield vs. Express Company, 21 An. 233.

The appeal herein taken is, therefore, dismissed at appellants' costs.