## No. 9463.

### JAMES WOOD vs. MARY L. EGAN.

A stale demand long withheld from presentation or prosecution, until he, against whom it is preferred, has died, is regarded with disfavor. It must be established, when no hindrance was in the way, with *more than reasonable certainty*. The unfavorable presumption, created by the delay, can be removed only by peculiarly strong and exceptionally conclusive testimony.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*J. Duvigneaud* and *Posey & Ker* for Plaintiff and Appellant.

*C. H. LaVillebeuvre* and *Carleton Hunt* for Defendant and Appellee.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is a suit by a former client against the heir of his deceased counsel.

The charge is that B. Egan received, in March, 1874, some $6500, in satisfaction of a judgment in plaintiff's favor, which, notwithstanding repeated demands, he has failed to pay over.

The claim is increased by others for about $200, said to have been

given Egan to defray costs, and which he has likewise failed to account for.

The suit was brought in May, 1883. The answer is a general denial.

The evidence shows that Egan died in December, 1881, leaving property inventoried at some $150,000, owing no debts; that he was correct individually and professionally; that after his death, the defendant here, his universal legatee, sued the plaintiff, who did not set up as a counter claim, the amount now sued for; that notice to creditors was given by the executrix, and that the plaintiff did not present himself, and that it is only after the case brought against him had been decided, that he instituted this action.

The evidence establishes beyond question, however, that Egan has collected the amount of the judgment mentioned in the petition.

On the trial the plaintiff testified in his own behalf, and then admitted having received $3500 from Egan shortly after he had collected the judgment.

Some thirty witnesses were heard below, to impeach the veracity of the plaintiff, and asperse his character.

The district judge patiently heard and weighed all this testimony. In an elaborate opinion, in which the evidence is thoroughly analyzed, he states that he has no hesitation to say that the testimony has not in the least disturbed the absolute conviction in his mind that Egan loyally and faithfully accounted to Wood for every dollar that was ever due him.

We have made it our duty to consider the testimony adduced and have reached the like conclusion.

We cannot admit that plaintiff allowed his counsel to retain possession of the amount claimed as not accounted for during so many years and look with destructive suspicion on the reality of his demand.

As was well said in Bodenheimers' case, 35 Ann. 1006 :

A stale claim long withheld from presentation or prosecution, until he, against whom it is preferred, has died, must be established with more than reasonable certainty. An unfavorable presumption is created by the delay. It can be removed only by peculiarly strong and exceptionally conclusive testimony.

The plaintiff has not made his claim legally certain, so as to recover judgment.

These conclusions are supported by good and conservative authority.

Davenport's case, 5 Ann. 141; Simpson's case, 7 Ann. 555; Succession of Rice, 14 Ann. 317; Manning's Unreported Cases, p. 98, 121, 339; Cutler vs. Succession of Collins, 37 Ann. 95.

Judgment affirmed.

## DISSENTING OPINION.

TODD, J.   As stated in the opinion just read, a party must make his case certain—it is not enough that he make it probable.   This has become a truism.   But in my opinion, the principle involved in it is not applicable to the facts of this case, but another truism should be applied, to wit: That where the existence of a debt has been established by indubitable proof, it is not enough that its discharge be made probable, but it must be made certain.

There is not the slightest doubt that Bentick Egan collected the judgment in favor of Wood.   This fact is not controverted, but admitted.   When this money thus collected came into Egan's hands, that moment he came under an obligation to pay it over to Wood; that is, that then and there a debt arose on the part of Egan to Wood.   This shown, plaintiff's case was fully made out.

The onus, then, was certainly upon Egan or his legal representative to prove a discharge by payment or other mode prescribed by law. There is not the slightest evidence of such discharge to be found in the record.   In fact it has not even been alleged, the answer containing only the general denial, which simply put at issue the fact of the money being received by Egan.   Had proof been offered of its payment to Wood, it would not have been admissible under the pleadings.

When the existence of a debt, as in this case, has been clearly established, it is surely not enough to relieve the debtor to show one or more circumstances such as the statement of the demand or the ability of the debtor to pay, sufficient at most to raise a mere probability of the non-existence of the debt.

If its existence at one time is clearly shown, its discharge must be made equally clear.

Controlled by these elementary and imperative principles of the law and rules of practice, I am constrained to dissent from the opinion of the majority.