BREAUX, J.
The administrator of the succession of Lucien Oubre charged the estate *517 for board and lodging for a period of 30 years — i. e., from March 1, 1871, to the date of his death, March 1, 1901 — at the rate of $180 a year.
The deceased died intestate, leaving only collateral heirs and children of collateral heirs.
The provisional account of the administrator as filed showed net assets of his estate $4,717.46. This is about all he owned. We infer that very little will be left to be accounted for on the final account.
The debts on the date of Lucien Oubre’s death amounted to a small sum as compared to the assets.
The administrator credited himself on his provisional account before mentioned with the sum of $5,400 for 30 years’ board, as we have before stated.
The opponents are (with Ozeme Oubre, the administrator) the collateral heirs before mentioned. They opposed all the items of the provisional account, and interposed prescription of 1, 3, 10, and 30 years as a bar to the claim of the administrator for board and lodging. The judgment homologating this account disposed of all the issues, and rejected the administrator’s demand for the sum of $5,400 for board and maintenance. The administrator alone complains, and prosecutes this appeal, and asks to have his claim reinstated on the account.
It follows that we have before us for consideration only one question; i. e. whether the administrator is personally entitled to the credit which he claims for his late brother’s board and lodging.
Ozeme Oubre and his late brother, Lucien, in 1868, together bought the land and a house thereon which had been up to a short time prior the home of their parents. After the marriage of Ozeme, in 1871, the home was renewed. Lucien from that time continued to occupy the dwelling, and remained as one of his brother’s family, consisting of his wife and a number of children.
It seems that Lucien, during the last years of his life, did not enjoy good health. When ill he was nursed and received very kind attention from his sister-in-law, the administrator’s wife, and their children. The year preceding his death he was an invalid. We Infer that he required more than usual attention.
The opposition of the heirs to the provisional account did not admit the existence of the claim; on the contrary, denied that board and maintenance were furnished, as charged by the administrator. The issues were not restricted by the language of the opposition to the question of prescription vel non, as contended by the administrator. The case here is different from the cited case of Macarty v. Bureau, 7 Rob. 467, in which it was held that the sole and only plea of prescription pleaded as an answer, and not by way of exception, under the circumstances, admitted the facts.
We do not think we should be concerned with that decision in our case, for the reason that the opposition here placed the provisional account of the administrator at issue.
The first opposition was general in character, and included one year’s prescription; the second supplemented the first by pleading the prescription of other years, and did not have the effect of restricting the first general opposition, which opposed every item of the account. In terms the second opposition reserved the grounds set out in the first opposition.
Coming to the merits of this controversy, we are not impressed by the administrator’s contention. We find no difficulty in arriving at the conclusion that he is not entitled to an amount for board and lodging for 29 years at least. There was evidently no intention on the part of the administrator, prior to his brother’s death, to charge for services for these years. Nothing gives rise to the inference from the relations of the two brothers and from the evidence that one intended and the other expected a remuneration for the services.
We are decidedly of the opinion that the evidence positively negatives such an idea on the part of either. The claim obviously is an afterthought; a post-mortem claim. Compensation is asked for on a quantum meruit. The demand has every appearance of being stale, and it falls within the rule that the presumption created by the conduct of the parties and by delay “can be removed only by peculiarly strong and conclusive testimony.” Wood v. Egan, 39 La. Ann. 684, 2 South. 191; Succession of John Rice, 14 La. Ann. 317.
*519 “It is not sufficient for the plaintiff to make it certain. And where the suit is delayed until after the death of the person against whom the claim is alleged to have existed, and where, if it existed at all, it must have been known in his lifetime, the testimony should be peculiarly strong.” Simpson, Tutor, v. Powell, Adm., 7 La. Ann. 555.
Here the evidence of intention to charge was not strong. Every presumption, on the contrary, goes to show that it was not the intention of the administrator to charge.
A similar question to the one here was considered in the case of Gaines v. Succession of Del Campo, 30 La. Ann. 245, and it was decided that the fact that no demand was made of a special amount for services did nor debar the servant from recovering for them after the employer’s death.
But the parties were strangers to each other in that case, and the nature of the services rendered was of such a character as impressed the court with the justice of the claim.
In the recent case of Dauenhauer v. Succession of Browne, 47 La. Ann. 342, 16 South. 827, regarding a claim of a somewhat similar nature, this court said: “Ho [the deceased] had received plaintiff’s care and acknowledged its usefulness, and it was made evident on the trial that an amount was due.”
As relates to the claim for board and maintenance during 29 years, we leave the subject thoroughly convinced that the testimony does not sustain it.
‘ During that time it appears from the testimony that the brother since dead rendered services and contributed to the family’s support, and was not a mere dependent on the surviving brother and his family.
This brings us to a consideration of the service rendered the year preceding his death, the • thirtieth year for which claim is made, as before stated.
Learned and able counsel for defendants call our attention to the Succession of Savory, 32 La. Ann. 506, which is not, in our view, a similar case, as the decedent acknowledged and bound herself to pay for her maintenance. In Succession of Newton, 33 La. Ann. 621, the court said:
“The facts that Mrs. Newton occupied, premises belonging to the administratrix, her daughter, which were worth the monthly rent charged, and that Mrs. Newton was fully provided for by her daughter, who ministered unto all her wants, are established.”
Not the case here, as made out by the evidence. The claim in the cited case was not contested on the ground that it evidently never had been the intention of the administrator to charge, nor does it appear that the mother contributed anything to the support of the daughter, or aided her in any way.
Here the deceased, Oubre, was, it is true, an invalid during the year preceding his death, and was taken care of during his illness. If the administrator be entiiled to anything, it would be at most for nursing during the last year.
But the testimony does not sustain any claim for nursing. The administrator was more intent upon collecting for board and maintenance. We divided the claim into two (period of 29 years, and the second 1 year), thinking that perhaps the administrator was entitled to something for nursing during the last year. On re-examination of the case the testimony did not appear to us to sustain the claim for nursing. Besides, the evidence creates th'e impression that the care was given without the least interested motives, ard without expectation of compensation.
We think justice has been done between the parties.
The law and the evidence sustain the judgment appealed from. It is therefore affirmed.