BREAUX, C. J.
This suit was brought by plaintiffs in order, as they alleged, to have the judgment “construed,” “elucidated,” and “interpreted” which was rendered in favor of plaintiff against defendant’s author on the 4th day of August, 1886, in the federal Circuit Court.
The judgment which plaintiffs seels to have “construed,” “elucidated,” and “interpreted” decreed, as against the Vicksburg, Shreveport & Pacific Railroad Company (called in warranty in the suit before us for decision), that plaintiffs are the owners of 35.18 acres of the ever-memorable land known in jurisprudence as “Silver Lake.”
See federal Circuit Court’s judgment containing the description of the land, hereafter inserted in the case before us fox decision.
Plaintiffs have alleged that error was committed by the federal Circuit Court in drawing the line of the tract, which resulted in locating the tract in the river, if the error be not corrected; that the error by the surveyor consisted in substituting north for south and in substituting west for east in drawing the lines.
In order to have the description before us, we insert the whole of it as follows:
Calls of description of lands in the judgment in said suit No. 80:
“Commencing at rock on range line between townships 13 and 14 and traverse of Silver Lake; thence south 59% degrees east 21.25 chains; thence north 45 degrees east 1,000 feet; thence north 10 degrees east 627 feet; thence south 45 degrees east 208 feet, to a point of beginning of land in the possession of George A. Turner, defendant; thence same course 570 feet, to a willow tree 32 inches in diameter; thence north 23 degrees east 515 feet; thence north 68 degrees and 40 minutes west 453 feet; thence south 36 degrees and 40 minutes west 297 feet; thence from willow corner south 8 degrees and 35 minutes west 20Ó feet; thence south 39 degrees and 35 minutes west 212 feet; thence south 55 degrees and 20 minutes west 309 feet; thence south 31 degrees and 40 minutes east 425 feet; thence north 33 degrees and 40 minutes west 500 feet; thence north 55 degrees and 15 minutes east 480 feet; thence north 85 degrees east 364 feet; thence north 73 degrees and 20 minutes east 220 feet; thence north 64 degrees and 3 minutes east 335 feet; thence north 30% degrees east 190 feet; thence north no degrees and 35 minutes east 652 feet; thence, along bank of Red river, 1,165 feet, to a point on the east line of the ditch at its junction with Red river; thence south 19 degrees and 45 minutes west 600 feet; thence north 70% degrees west 120 feet, to the willow tree aforesaid— containing 35.18 acres, situated in the parish of Caddo, Louisiana, and as shown and described on map and survey of same made by W. R. De Voe, civil engineer, on file and of record in said cause.”
The errors in the judgment are underscored.
Plaintiffs’ averment is that the boundary between petitioners’ and the railroad company’s land had never been fixed and judicially established, and that the description in said judgment should be corrected and the *567 lines run so as to give petitioners the quantity before mentioned.
Defendant excepted to the jurisdiction of the court, and denied the court’s authority to change, amend, or correct a judgment of the federal Circuit Court rendered over 20 years ago.
The exception was overruled by the judge of the district court-
The defendant insisted in its answer to plaintiffs’ demand that the judgment in the federal Circuit Court is final, and that it is beyond the power of the state courts to correct the judgment; that plaintiffs have completely acquiesced in the judgment; and that they are estopped.
Errors have been corrected by decisions of court where it was evident that the act was not the repository of the intention of the parties.
Sales, mortgages and other acts have been corrected. We have not, after considerable research, found a single decision in which the erroneous description of land involved has been corrected by another court than the court in which the erroneous judgment was granted.
A court of another jurisdiction may find a judgment null and void because of a description of land that cannot be held, on account of the absolute erroneous description, as conveying any land.
There is no question of nullity here. It is not pleaded nor urged as to the land in controversy, and it follows that we will not entertain that view.
But plaintiffs ash us to enforce the judgment and disregard or overlook the errone-ousness of the description.
Our answer is that that is a matter which must go to another tribunal.
We concede that physical boundaries generally control. We are not inclined to question the correctness of that proposition. It occurred to us, after having considered the proposition to enforce the judgment, that the question was one to be passed upon by the court by whom the judgment was rendered, and not by this court, under the plea that it is a question on “construction” or “interpretation,” as contended for by plaintiffs.
Eor some reason, with which we cannot in these proceedings be concerned, the court in the original cause adopted the courses and distances, and whatever error there was in following these lines must here be considered final. If there is a contradiction in the mere drawing, representing a physical boundary on the map, the contradiction must be reconciled, if it can be, in the court of original jurisdiction of the first assignment, if there be any relief.
It must be remembered that this court has-decided “that it is not sufficient for the plaintiff to make out a probable cause. 1-Ie must make it certain.” Simpson v. Powell, 7 La. Ann. 555. This was the view expressed in the-cited case, in which there were features similar to those now before us for decision.
The judgment, with its contradiction, growing out of the error of ttle surveyor, does not make it certain to which the court gave consideration — the surveyor’s field note, as copied in the map, or to the map itself. If he took the notes as a basis, though erroneous, there is an end to the controversy so far as. this court is concerned.
We have considered the decisions cited by the respective parties.
Plaintiffs confidently cite White v. Luning, 93 U. S. 514, 23 L. Ed. 938, in which it was decided that the monuments and physical boundaries control — a proposition which we-are not in the least inclined to contradict.
It is not evident that in the cited decision a judgment was amended. A sheriff’s deed was amended, made in accordance with and under the direction of the court. It did not enter into the judgment as forming part thereof.
*569 To sustain plaintiffs’ contention counsel cites Palangue v. Guesnon, 15 La. 311; Robert v. Boulat, 9 La. Ann. 29; Sutton v. Calhoun, 14 La. Ann. 209; Succession of Bodenheimer, 35 La. Ann. 1033.
In not one of those eases an attempt was made to correct a judgment. They each related to acts of parties who had committed errors of description as among themselves. We have not the least reason to infer that if these acts had been previously submitted to a court of justice, and the error legalized by a judgment, that another court other than that of original jurisdiction had the authority-afterward to make needful corrections.
The following is in effect a reference in 23 Cyc. 868.
The power of the court to correct its own judgment is limited, for a judgment cannot be amended so as to vary the rights of the parties. Again, a motion to amend a judgment cannot be entertained by another court or another judge than the one rendering the judgment. Id. 877.
Again, upon the same subject: The application to amend must not be too long delayed, especially where rights have rested under the judgment which would be disturbed by its alteration. Id. 877.
But the right of the court to amend its own judgment is broader. Id.
The rights of third persons are protected.
Erom these decisions it is to be inferred that this court has authority to correct a judgment which is the title of the litigant to the property claimed in the suit. It must be remembered that this land has passed out of the possession and ownership of the defendant in the original suit and is now owned by a vendee not a party to this suit.
For reasons assigned, the law and the evidence being with defendant, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.
It is further ordered, adjudged, and decreed that plaintiffs’ petition is dismissed as in case of nonsuit in both courts and that plaintiffs pay all costs of the district court and of this court.
LAND, J., recused.