EASTERN DIST.
*June,* 1837.

ELKINS' HEIRS
*vs.*
ELKINS'
EXECUTOR.

---

## ELKINS' HEIRS *vs.* ELKINS' EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS:

The contract of mandate is gratuitous unless the contrary is stipulated : So, compensation for certain services rendered as mandatory, will not be allowed, when it does not appear to have been in the contemplation of either party that a charge was to be made, or that it was usual to charge for such services.

Where the deceased, in his last moments, expressed a wish to make a present of a sum of money to a particular friend, and directed one of several promissory notes for this sum, to be handed to her, but died before it was done : *Held,* that this was not a valid donation or bequest, as it was not in his will, nor the donation made before the death of the testator.

If one of several executors who receives a legacy, takes his share of the responsibility, and performs the duties, his share of the commissions is compensated by the legacy, and does not go to his co-executor.

Interest will not be allowed when it is not claimed in the pleadings.

Where an executor takes a suspensive appeal from an entire judgment, and it is shown that he retains in his hands a sum evidently due, independent of the sums claimed in the appeal, he will be condemned to pay five per cent. damages on the entire judgment.

On the 25th May, 1835, Nathaniel Cox, executor of the last will of Samuel Elkins, deceased, presented his account

to the Court of Probates, and prayed that, after the usual delay and advertisement, it be homologated, and that he be discharged from his trust, after paying the legacies.

The attorney in fact for the heirs of Elkins, made opposition to the account on various grounds, and the matter was referred to an auditor, to state an account.

The auditor reported, and several items in his statement of the acccount were objected to by the attorney for the heirs.

The first for the allowance of full commissions to Mr. Cox, as sole acting executor, on the amount of the inventory. The testator appointed Nathaniel Cox, Levi Peirce and C. A. Jacobs, his testamentary executors. Mr. Jacobs resigned ; and Mr. Peirce qualified, but having received a legacy, was not entitled to any commission, and Mr. Cox conceived that he was entitled to full commissions. The heirs objected to his having more than two thirds of the whole commission.

The second objection was to the allowance of ten thousand dollars to be retained in the executor's hands as a legacy or donation to Mrs. General Leavenworth. It appears that a very short time before Mr. Elkins expired he expressed a wish that the sum of ten thousand dollars should be set apart as a provision for Mrs. Leavenworth ; that he was dissatisfied with his will because of this omission, and desired that a promissory note should be taken from his papers and handed to her. He died before any thing was done. The executor considered that he was bound to retain this sum and pay it over to Mrs. Leavenworth.

Third objection was to an item in Mr. Cox's account for commission charged on sales of certain immovable property as a mandatory, or attorney in fact for Mr. Elkins. There was no evidence of any agreement, and the will is silent as to any compensation, but Mr. Cox, as a merchant, charged a commission.

The judge of probates disallowed all these items, and on adjusting the account of the executor, ascertained a balance of thirty thousand nine hundred and ten dollars and sixty-

29

one cents, due, the estate of Elkins ; judgment was rendered for this sum.  The executor appealed.

*J. Slidell,* for the heirs and opponents.

*Strawbridge,* for the executor and appellant.

*Bullard, J.,* delivered the opinion of the court.

This is an appeal from a judgment of the Court of Probates, rendered on the final settlement of his account by the executor of the last will of S. Elkins, by which a large balance was found due by him to the heirs.   The executor complains of the judgment in three particulars, which we shall proceed to examine in the order in which they have been argued by his counsel.

1st.  That he was not authorized to retain the sum of two thousand five hundred dollars allowed him by the auditors for services rendered by him to the testator in his life time, as his attorney in fact, in passing certain acts of sale of real estate, in the city of New-Orleans, where both parties resided at the time.

The contract of mandate is gratuitous, unless the contrary is stipulated: So, compensation for certain services rendered as mandatory, will not be allowed, when it does not appear to have been in the contemplation of either party that a charge was to be made, or that it was usual to charge for such services.

That the appellant rendered these services as mandatory of the deceased is not disputed, but it does not appear that any compensation was agreed upon, nor does it appear that the appellant had been in the habit of charging similar good offices to the knowledge of the deceased, from which we might infer a tacit agreement to pay a reasonable compensation.   The general principle is not contested, that the contract of mandate is gratuitous unless the contrary be stipulated.   It does not appear to have been in the contemplation of either party, that a charge was to be made for the services rendered in the present case.

Where the deceased, in his last moments expressed a wish to make a present of a sum of money to a particular friend,

2d.  The executor complains that he was not allowed to retain the sum of ten thousand dollars for Mrs. Leavenworth.  The will *does not contain such a legacy, but it is shown that* the testator in his last moments expressed a wish to make a present of that amount to Mrs. Leavenworth, and even directed a friend to take one of several promissory notes of

the amount of ten or twelve thousand dollars, and hand it to EASTERN DIST.
her. But he died before it could be effected, and the notes *June*, 1837.
remained a part of his succession. We concur with the ELKINS' HEIRS
court below, that the evidence is insufficient to prove a valid *vs.*
donation. The executor does not pretend to have paid that EXECUTOR.
sum to Mrs. Leavenworth, and we think the allowance was and directed one
properly refused. of several pro-
missory notes for
3,d. Three executors were named in the testament of this sum to be
Elkins, one of whom being a legatee, was entitled to no handed to her,
commissions. The acting executor claims full commissions, it was done:
*Held*, that this
and complains that he was allowed by the Court of Probates donation or be-
only two thirds. The code provides that the commission quest, as it was
not in his will,
shall be shared among the executors, if there be several, and nor the donation
if their functions are not divided by the testator, and that made before the
they shall be entitled to a commission on what has fallen to death of the tes-
the administration of each respectively, when they have been tator.
so divided. *Louisiana Code, article* 1678.

The right of the appellant to two thirds of full commission If one of seve-
is not contested, and it does not appear that the functions of ral executors,
who receives a
the executors were divided by the testator. The executor legacy, takes his
who was at the same time a legatee, appears to have acted share of the res-
ponsibility and
as such on one occasion, and we must presume that he did performs the du-
not, therefore, decline the trust, but was willing to share ties, his share of
the commissions
in the responsibility, his share of the commissions being is compensated
compensated by his legacy. If so, it follows as a neces- by the legacy,
and does not go
sary consequence that the appellant is not entitled to the to his co-ex-
share of the commissions to which he would have been ecutor.
entitled if he had not been a legatee. In our opinion, the
court did not err in restricting the claim of the executor to
two thirds.

The appellee complains that no interest was allowed by Interest will
the court below. To this it appears to us a sufficient answer not be allowed
when it is not
that it was not demanded in the court of the first instance claimed in the
and we can only inquire whether the judgment was correct pleadings.
according to the pleadings and the evidence. If the first
judge had allowed interest, the judgment would, perhaps,
have been erroneous, because *ultra petition.*

Lastly, the appellee insists upon damages for a frivolous
appeal. It was certainly in the power of the executor to

Eastern Dist.
June, 1837.

have obtained the opinion of the appellate court upon the questions presented by this record without withholding from the heirs a large amount, to which they were incontestably entitled. However, he may have been encouraged to hope for relief from that part of the judgment which denied him his commissions either as agent or executor, by taking a suspensive appeal as to the whole amount of the judgment, and retaining in his hands what he admitted was due, he has shown to our satisfaction that his principal object was delay. For more than a year from the homologation of the account, the defendant has had the use of the money without interest, and we think this a case in which damages ought to be allowed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be affirmed, with costs, and five per cent. damages on the amount of the judgment.