ESTATE OF MARIE ANNE OLIVIER.—Opposition of JOSEPH LANGLEY et als.

Where one of the children of a deceased parent furnished necessaries for the support of the deceased, and attended to the wants of the parent during sickness and old age, it furnishes a just charge on the estate of the deceased, and the heirs must contribute to the payment of the charge.

APPEAL from the District Court, Parish of Calcasieu, *Mouton*, J. *J. H. Overton*, for appellant.

The facts are stated in the opinion of the Court.

LABAUVE, J. Andrew Langley, one of the heirs of said deceased, and

administrator of her estate, having previously rendered an annual account on the 1st of September, 1858, on the 12th of September, 1860, filed a final tableau of his administration and distribution among the heirs; the opponents opposed the same on divers grounds ; the other heirs did not oppose it. The Court below having heard the testimony, sustained in part the oppositions, and homologated the tableau simply as regarded those of the heirs who had made no opposition, and annulled it as far as concerned the three opponents. Andrew Langley appealed.

· We have carefully examined the record and the judgment complained of, and we are of opinion that the Judge has properly applied the law governing the case, and done justice between the parties, with one exception, in regard to an account of $266 74, claimed by said Andrew Langley, against the said succession, and which was rejected, the Judge being of opinion that it had not been sufficiently proved. The testimony upon that point is as follows :

T. B. Langley, one of the heirs, and brother of the appellees, knows that the administrator during lifetime of Mrs. Olivier furnished her provisions, corn, meat, sugar and molasses, also powder, shot and medicines. The deceased looked to Andrew Langley to supply her with what she needed, and was confined twelve years to her bed before she died; and for five or six years before her death, Andrew Langley supplied her with what she needed. The slaves of the deceased being mostly young, and women, made no crops, and constituted the family of the deceased. Considering the relations which must naturally exist between a mother and son, we are of opinion that this proof was sufficient, and that this claim should have been allowed to the appellant. This sum of $266 74 being allowed to Andrew Langley, and there being ten heirs, the virile share of each opponent in the estate is reduced by $26 60, which must figure to their debit, and increase pro tanto the respective balance due by them. In all other respects, the judgment appealed from is correct, but must be amended as follows :

It is therefore ordered and decreed that Joseph Langley pay six hundred and forty-three dollars and forty-two cents, with eight per cent interest per annum, from the 13th October, 1859, till paid.

That Leandre Bertrand pay seventy-five dollars and thirteen cents, with eight per cent. interest per annum, from 20th May, 1857, on twenty-five dollars and thirteen cents; and the like interest, on the like sum, from the 20th May, 1858 ; and the like interest, on the like sum, from 20th May, 1859, till paid.

That the succession of Eli Langley, represented by his widow and administratrix, Marie Gertrude Casaneuva, pay the sum of two hundred and forty-seven dollars, with eight per cent. per annum interest, from the 1st February, 1860, till paid.

It is further ordered and decreed, that the judgment of the District Court, as amended, be affirmed, and that the opponents and appellees pay the costs of this appeal, each one-third.