### No. 9076.

### SUCCESSION OF J. B. PLOTON.

<div style="float:right">36  211<br>125  661</div>

In the absence of sufficient proof to repel the presumption of the gratuity of services rendered in the execution of a mandate, courts are powerless to allow remuneration for such.

Specially will the same be denied where surrounding circumstances fortify that presumption.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. Goode, J.

*J. B. Winder* for Opponents and Appellants.

*L. F. Suthon, contra.*

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an appeal from a judgment rejecting an opposed item of an account presented by executors.

The opposition comes from the heirs of the deceased who contend that the sum of $1708 53, for which one Calder was recognized as a

creditor and, as such, placed on the tableau, is not due and that said Calder is rather indebted to the succession.

It is claimed that the amount is due Calder for services rendered by him to the deceased, as the agent of a steamboat at the time owned by him.

The only testimony adduced to rebut the legal presumption of gratuity of the services said to have been rendered, is that of Calder, himself. The claim is for services of the nature stated, lasting three years, during Ploton's life time, and is presented after his death, by Calder, who, from the papers of the deceased, appearing to be in his debt for $891 47, was called upon for an account. In the statement made in response, Calder admits having in his possession that amount but credits his account with that much, striking a balance of $1708 53 as due on his claim of $2500, which was admitted by the executors.

In his reasons for judgment the district judge says:

"Mr. Calder was a commission merchant, doing business in New Orleans, and largely engaged in purchasing plantation supplies and selling sugar and molasses. Mr. Ploton was a money-lender, in the Parish of Terrebonne. He advanced large sums of money, which were used in making crops of sugar and molasses, and at the end of the harvest, these crops were turned over to Mr. Ploton, who had consigned them to Calder for sale. By throwing all the business into the hands of Mr. Calder, thereby enabling him to realize a considerable sum in commission, on purchases and sales, without the necessity of making any advances, Mr. Ploton did a favor to Mr. Calder which entitled him to expect some return.

"It is true that the business of superintending the operations of a steamboat is attended with much inconvenience, but there is not sufficient proof to justify the court in allowing any compensation."

An examination of the record enables us to concur in those views.

The appellant claims, however, that the judgment should have been one of non suit, at best.

The issues were regularly made and proof was adduced both to support and to overthrow the claims and the controversy is at an end. It is a matter of expediency and urgency that claims against successions under administration and which are entitled to a summary trial and determination, should be definitely disposed of, when presented in the shape of oppositions, otherwise successions might never be finally settled and wound up.

We find no error in the judgment appealed from, which is affirmed, with costs.