LAND, J.
This case is before us on a second appeal, having been remanded for certain purposes. See Latour v. Guillory et al., 130 La. 570, 58 South. 341.
In that case the following judgment was rendered by the Supreme Court:
“For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.
“It is further ordered, adjudged, and decreed that plaintiff recover judgment for the amount of $5,000, with interest, plus 10 per cent, fee of attorney, stipulated in the deed, less deduction of amount due by plaintiff to defendants.
“It is further ordered, adjudged, and decreed that the defendants account for the notes identified with the deed of sale; that these notes and the price stated in the deed are secured as to their payment by privilege and mortgage as herein stated.
“The case is remanded to the district court in order to ascertain and fix the amount due .by plaintiff to defendants; consideration received by him from defendants and amount of judgment and mortgage held by the defendants, if any be found, due by the former to the latter. Costs in both courts to abide the final decision of the suit.”
It appears that the plaintiff sued to annul a certain sale of his undivided interest in three tracts of land, made to Mrs. Latour, wife of O. E. Guillory, on September 15, 1905, on the ground of the nonpayment of the price, and in the alternative for judgment against both of them for the price of $5,000, with interest and attorney fees.
Defendants for answer pleaded the general issue and set up a donation of the same property by the plaintiff to Mrs. Guillory on September 5,1905. Defendants, after making other averments not necessary to mention, concluded their answer as follows:
“Now your respondents, in the event that the plaintiff should be decreed the owner of said property, and only in that event, assume the position of plaintiffs in reconvention and aver that Emile A. Latour is justly and truly indebted unto your respondents in the sum of $16,035, with legal interest thereon from date of judgment until paid”—
for improvements, administration, and expenses relating to said tracts of land.
Defendants further averred that' plaintiff was indebted to them in the sum of $75 per month from September 5, 1905, to date of answer for the support of plaintiff’s father and two sisters, and also $1,000 for attorney fees and expenses from the filing of the suit.
The answer concluded as follows:
“Wherefore, premises considered, respondents pray that plaintiff’s demand be rejected and his suit dismissed, with cost, and, in the event the plaintiff be decreed the owner of the property in dispute, respondents pray that in the alternative there be judgment in their favor and against said plaintiff in the full and true sum of $16,035, with legal interest thereon from date of judgment until paid.”
The judge a quo dismissed plaintiff’s suit on the ground that he had donated the property to Mrs. Guillory.
This court held tha,t the donation was null for want of proper legal form; that the sale could not be annulled on the ground of non *335 payment of the purchase price; and that the plaintiff was entitled to recover the price, with interest and attorney fees as stipulated.
The reeonventional demand of the defendants was not considered because it was eliminated by the rejection of plaintiff’s demand to annul the sale.
The ease .was remanded for the purpose of giving the defendant Guillory an opportunity to assert any claim that he might have against the plaintiff growing out of his payment of the Marqueze judgment or the payment of attorney fees. The decree remanding the case, however, is broad enough to cover other claims of the defendant Guillory against the plaintiff which may be properly urged by way of reeonvention.
After the rendition of judgment by this court, Arthur Latour and other parties instituted a suit in which they alleged that they and Mrs. O. E. Guillory were the sole heirs of Cora Roy, deceased wife of Emile Latour, and as such were the owners in indivisión in the proportion of one-tenth each of the three tracts of land described in the petition in the present suit of Latour v. Guillory. When this case was called for trial on the reeonventional demand, O. E. Guillory moved for a stay of proceedings; this motion was overruled; but the court, over the objections of the plaintiff, ordered that, “if judgment is rendered against the defendant in this suit, the same shall be inexigible until the issues in suit No. 175, entitled Arthur Latour et al. v. Dr. E. A. Latour et al., are finally determined.” This order was improvidently made, as it tended to postpone the execution of any judgment which might be rendered in favor of the plaintiff. Moreover, the two suits were between different parties, on different causes of action, and could not be consolidated.
The case was tried, and judgment was rendered in favor of O. E. Guillory for items aggregating about $6,200, with interest for a number of years. The plaintiff appealed, and the appellees have not prayed for an amendment of the judgment.
[1] The lands described in the petition formerly belonged to Emile Latour, Sr., and constituted the family homestead. Latour, Sr., in 1892 transferred this property to his sons E. A. Latour and Alexis Latour. A few days later Alexis sold his half interest therein to E. A. Latour for $1,500 on a credit. In 1893 E. A. Latour sold to his father, Emile Latour, an uhdivided half interest in the same property. It appears that the notes given by E. A. Latour to Alexis Latour, for the purchase price, passed into the hands of John H. Cole, who in 1894, at a foreclosure sale, became the purchaser of Alexis Latour’s interest in the property.
Thus stood the titles to the property in 1905, when O. E. Guillory and his wife intervened and procured the act of donation of September 5, 1905, which vested a life usufruct of one undivided half of the property in Emile Latour, Sr., and the naked ownership in Mrs. O. E. Guillory. Ten days later Guillory procured from the plaintiff a power of attorney to transfer, incumber, and alienate his “hopes and prospects of title and ownership” to the three tracts of land described in plaintiff’s petition for the purpose of settling certain indebtedness (not described) assumed by O.- E. Guillory, and to raise sufficient money to defend and prosecute his rights and claims in and to said property. Soon after the date of this power of attorney, a so-called counter letter was executed, which contemplated the transfer of the property to Mrs. O. B. Guillory on condition of the payment of two judgments on the notes given by plaintiff to Alexis Latour for the purchase price of his interest in the property. These judgments were never paid by Mr. or Mrs. Guillory. Guillory, under the power of attorney, sold plaintiff’s half interest in ■ the property to one Miller, his brother-in-law, *337 for $3,000. This sale was really a mere security for a debt due by Guillory to Miller.
On April 26, 1906, Miller and the plaintiff sold the half interest in the property to Mrs. O. E. Guillory for $5,000, represented by five notes for $1,000 each, bearing S per cent, interest. Guillory obtained possession of these notes and pledged them as collateral for a loan of $2,000. John H. Cole also owned the Marqueze judgment against Emile Latour. On his death both the land and the judgment passed to his widow. In 1907 Mrs. Cole married J. B. Richmond and in December of that year sold the judgment and her half interest in the land to O. E. Guillory for the purported price of $3,000, represented by his note. Richmond testified that his wife received only $2,000, and that Guillory must have got the notes. He testified that he did not consider the judgment was worth much or anything, “nothing to compare with the land.”
Guillory testified that his wife’s five notes, for $1,000 each, representing the price of the sale made to her by Miller and Latour, were in the hands of Mr. R. L. Derouen as collateral security for a loan of $2,000 made to Guillory by a former holder.
As to the Cole, sale, Guillory admitted that Mrs. Richmond had received only $2,000 in the transaction, and testified that he was under the impression that the Marqueze judgment was worth as much as the property. On the former trial Guillory testified as follows :
“Q. How much of the purchase price paid Mrs. Cole (that is to say, the sum of $2,000) was attributed to the judgment and how much to the purchase of the property?
“A. It was property I was buying from her I considered, and the Marqueze judgment thrown in for lagniappe.
“Q. How much?
“A. $1,500, something like that.”
We presume that the witness in his last answer referred to the value of the property. When Guillory purchased the Cole title- to an undivided half interest in the three tracts, he held another title to the same interest by act of sale from Emile Latour, of date October 2, 1907. This deed recited that Mrs. Laure Guillory was the co-owner of the vendor. As a matter of law, O. E. Guillory, when he acquired the Cole title, was the owner, by recorded titles, of the whole of the three tracts.
The Marqueze judgment was not a debt of the plaintiff and cannot be charged against him in a settlement of accounts. The only claim that Guillory, as vendee and co-owner, can have against the plaintiff, as vendor, is for the reimbursement of one-half of the cost of removing the incumbrance on the property, say $250, with legal interest from date of payment. Guillory was also agent of the plaintiff.
In his former reconventional demand O. E. Guillory claimed an item of $300 “attorney’s fees paid E. B. Dubuisson and L. A. Fontenot by your respondent in 1905.” This alleged payment was supported by the testimony of O. E. Guillory, but the testimony of the attorneys showed that they had not received more than $130. It appears that in our former opinion an amount of $160 for attorney fees was found to be due to O. E. Guillory by the plaintiff. It is conceded that this allowance was on the said reconventional demand for $300 for attorney’s fees paid.
We shall now proceed to consider other items of the reconventional demand, allowed by the judge below.
The item of court costs in Marqueze suit are not due by the plaintiff but by Emile Latour, the judgment debtor. Item 12, “court costs for injunction of execution of said judgment *$29.25,” was properly allowed. The same may be said of the items from 1 to 7, inclusive, for examination of records, for abstracts of title, certificate, etc., *339 and the. items for funeral expenses, and judgment for $100.
The judge below in his decree allowed the following item:
“(1) In the sum of $2,000, with interest at .the rate of 8 per cent, from April 26, 1906, until paid.”
No such item is claimed in the reconventional demand; and it appears from the opinion of the judge below that the item as allowed represents $2,000 borrowed by O. E. Guillory from Derouen, and used by him for his own purposes.
The judge also allowed the following items:
“(4) In the sum of $1,508, with interest at the rate of 5 per cent, from April 26, 1906, until paid; and
“(5) In the sum of $2,500, with interest at the rate of 5 per cent, from April 26, 1912, until paid.”
Item 4 of the decree covers item 14 of the reconventional demand for $1,000 for personal services, and item 16 for $320 for administering, developing, clearing, and redeeming said property from growth of briars, weeds, and underbrush, during the period between September 5, 1905, to April 26, 1906, when Guillory purchased the property.
[2] “The procuration is gratuitous unless there has been a contrary agreement.” Oiv. Code, art. 2991.
The plaintiff testified that O. E. Guillory never stated or suggested that he was going to make a charge for his personal service, and that there was no agreement between them except, as shown by the act of donation, the counter letter and the act of sale from the plaintiff to Mrs. O. E. Guillory. The testimony of the defendant that there was a verbal understanding that he should be compensated for his services is insufficient to rebut the testimony of the plaintiff and the legal presumption that the mandate was gratuitous.
Emile Latour, the father of the plaintiff, and two of his.sisters, and O. É. Guillory and his wife, lived together in the Latour homestead, and, if Guillory cut down brush and briars on the premises, he acted on his own volition, and he and his family enjoyed the aesthetic results of his labor. Moreover, there are no vouchers to support this lump claim.
Item 5 of the decree covers item 15 of the reconventional demand, which reads as follows:
“(15) Housing, boarding, supporting Emile Latour, Sr., as per agreement with Dr. Latour; said conditions being in act of donation and counter letter, dated from September 5, 1905, to the date of the annulment of said donation by decree of the honorable Supreme Court on April 28, 1912, making six years and eight months, charged and valued at $25 per month, $2,000.”
Under the act of donation, Emile Latour, Sr., was entitled to the usufruct for life of the property. The so-called counter letter does not refer to Emile Latour, Sr.
All the parties treated the donation as valid and subsisting until its legality was challenged by the plaintiff in the present suit.
Defendant pleaded the donation as a valid title. Emile Latour, Sr., has continuously occupied the old homestead, with two of his daughters, and also, with O. E. Guillory and his wife, another daughter, since September 5, 1905. Latour, Sr., drew a small pension as a Confederate veteran, and occupied his time in the cultivation of the family garden.
Plaintiff was not called upon to support his father and was under no greater obligation to do so than Mrs. Guillory or any of the other ' five heirs.
Where there are a number of children, the obligation to maintain the father is solidary. The richest is not obliged to contribute more than the others to the discharge of the common debt. 2 Taillier, 7, 8. See Succession of Guidry, 40 La. Ann. 671, 4 South. 893.
*341 [3] Latour,. Sr., also as surviving husband had the usufruct of the property and as a fact was never disturbed in the enjoyment of the same. It seems that Latour, Sr., had a claim to the other half interest, which Guillory purchased from him on October 2, 1907, for $1,005.
The evidence as a whole fails to show that Latour, Sr., was in such need as to require alimony from the plaintiff, in addition to the use of the property, which seems to have been conceded to him by all his children. Hence the claim of Guillory against the plaintiff, as one of the children of Latour, Sr., cannot be maintained. This and some other claims of Guillory against the plaintiff are evidently afterthoughts.
It is therefore ordered that the judgment be reversed and amended so as to allow the defendant the following amounts as set-offs against the judgment in favor of the plaintiff as rendered by the Supreme Court, to wit:
(1) The sum of $250, with legal interest from December 1, 1907, for one-half of the cost of satisfying the Marqueze judgment.
(2) The sum of $160 for attorney fees allowed by judgment of the Supreme Court, with legal interest from September 5, 1905.
(3) The sum of $58.75 for sundry items, with legal interest from the same date.
(4) Funeral expenses, $88, with legal interest from same date.
(5) Judgment of J. H. Cole v. B. A. Latour, $100, with like interest from said date.
It is further ordered that all the costs of this litigation in both courts be equally divided between the plaintiff and the defendant O. E. Guillory.
PROVOSTY, J., absent on account of sickness, takes no part.