Erazie Dugas, a femme sole, died intestate at her residence in Iberia Parish on April 10, 1943, leaving an estate consisting solely of a tract of land which was appraised at the sum of $1,200. She left no forced heirs and was survived by two sisters and several nephews.
Her succession was opened at the instance of one of the surviving sisters, Cecile Dugas, who asked to be appointed adminstratrix of the estate. An inventory of the property belonging to the succession was duly made and letters of administration were issued, without opposition.
After she had qualified, the administratrix petitioned the court for a sale of the property in order to realize sufficient cash with which to pay the debts due by the succession. She listed debts amounting to the sum of $95.32 for funeral expenses of the decedent and a balance of $4,291 which she claimed herself for caring for her sister for the period from March 1, 1926 to April 10, 1943, at $1 per day, making a total sum of $6,416 and also the sum of $170 for taxes paid by her on the property and for maintaining the same. Credits amounting to the sum of $2,125 were given, leaving the balance of $4,291 as stated.
After advertisement and formal compliance with all other provisions of law, the property was sold and brought the sum of $1,500. The administratrix then filed a final account showing, in addition to the debts already listed, law charges amounting to the sum of $212 and the balance of $1,192.68 remaining from the $1,500 cash she credited herself with on the balance she claimed to be due her. An opposition to the account was filed by Mrs. Amelie Dugas, wife of J. Ademar Breaux, one of the surviving sisters, who appeared in court by way of an exception of vagueness which was overruled. She then opposed the account on the further ground that the balance claimed by the administratrix was not due and owing by the succession and in the alternative plead the prescriptions of one, two, three, five and ten years.
After trial the lower court dismissed the opposition and rendered judgment in favor of the administratrix, claimant, in the sum of $1,916.25. It appearing that she had died since the trial of the opposition and that her estate was under administration, the judgment was in favor of the administrator, Demas Dugas.
In disposing of the pleas of prescription, the trial judge, in his written reasons for judgment, divided the claim in two parts, one for services rendered in caring for the personal needs of the deceased which he estimated were worth 25¢ per day and the other for boarding and lodging which he fixed at 500 per day. In as much as he held that the claim for personal services prescribed by one year he limited it to 365 days preceding the decedent's death at 25¢ Per day. This amounted to the sum Of $91.25. The claim for boarding and lodging, he held, prescribed by ten years, and accordingly he limited it to 3,650 days at 50¢ Per day, or the sum of $1,825. These two amounts more than absorbed the balance of *Page 135 
the funds remaining after the payment of funeral expenses and law charges and of course there was nothing remaining for distribution among the heirs. The opponent took this appeal from the judgment rendered against her.
[1, 2] The exception of vagueness is called to our attention by counsel representing the appellant but as the matters complained of all seem to have been made clear by the facts presented on the trial of the opposition we don't see any necessity in saying more than that if there was any merit to it, it has served its purpose and has passed out of existence.
The principal point now urged before this court is to the effect that services of the nature of those rendered by a close relative such as those for which remuneration is claimed herein are presumed to be gratuitous and cannot be recovered in the absence of proof of an agreement in some form on the part of the deceased to whom they were rendered, to pay.
The services rendered in this case were to a sister who was deaf, dumb and also blind for the greater part of the seventeen years during which she was taken care of by the claimant. There was another sister and also a brother but according to the claimant they did not want to take care of their afflicted sister, so she carried the whole burden herself, although it does not appear that she was in a better position than the others to do so. She does not contend that there ever was agreement or promise by her deceased sister to recompense her and she presents her claim strictly on a quantum meruit.
The principle of law invoked on behalf of the appellant regarding a presumption of gratuity relates to a situation where there is a mandate between a principal and an agent or attorney-in-fact. The Civil Code, art. 2991 specifically provides that "the procuration is gratuitous unless there has been a contrary agreement." In several cases it has been held from the facts adduced that services rendered by one relative to another are performed under a mandate and in those cases the law as stated was applied. Elkins' Heirs v. Elkins' Executor,11 La. 224, 225, cited by counsel for appellant, is such a case. But that was not the condition under which the services were rendered in this case. They were of the same nature as those rendered by the claimant in the case of Muse v. Muse, La. App. 33 So.2d 128, this day decided by this court. In that case the question at issue here was discussed at some length and it was held that the presumption did not apply in the case of a son who rendered services to his mother where it appeared that there were eleven other children and no reason shown why others as well as the claimant could not have rendered some of those services. The case of Latour v. Guillory, 134 La. 332, 64 So. 130, 133 in which the court stated that where there are several children, such an obligation is solidary and "the richest is not obliged to contribute more than the others to the discharge of the common debt" was cited, as also the cases of Succession of Guidry, 40 La. Ann. 671, 4 So. 893 and Estate of Marie Ann Olivier, 18 La. Ann. 594. We don't see why the same rule should not apply in the case of brothers and sisters. Where one of them is afflicted as was the decedent in this case and there are more than one of the others who can render the services required, the obligation should not fall on the shoulders of only one of them. If the others let one discharge it alone that one should have recourse against the estate of the decedent if the estate is shown to be solvent.
[3] The trial judge, we believe, has fixed the value of the services rendered at a reasonable figure and as even at a lesser amount there wouldn't be sufficient cash remaining on hand to pay the claim in full, we find it unnecessary to go into further detail on that point.
Judgment affirmed at the costs of the opponent, appellant herein.
OTT, J., dissents for the reasons assigned in the case of Muse v. Muse, La. App., 33 So.2d 128 this day handed down. *Page 136