McCALEB, Justice.
 

 This is a suit by a Negro farmworker against his brothers and sisters to recover $2,400 for services allegedly rendered to his mother during her lifetime. He asserts that the services consisted of manual labor performed by him on two farms operated by his mother
 
 [1]
 
 for the period extending from May 1938 to June 1946, when his mother died, and he values his labor at $25 per month for the whole period. He further avers that his mother’s succession was opened shortly after her death; that her children were recognized as her sole heirs and placed in possession of her property and that his claim for services is a debt of the estate for which the defendants became personally liable by their unconditional acceptance of the succession.
 

 Defendants filed in limine an exception of no cause of action which was overruled. In their answer, they denied liability and asserted that, as a matter of fact, the services of plaintiff consisted only of menial labor on the farms for which he was amply recompensed by the lifetime support given him at his mother’s home, especially after the death of his father in 1938.
 

 After a trial in' the district court, there was judgment for plaintiff in the sum of $750 and the defendants appealed to the .Court of Appeal. Following a review in that court, see La.App., 33 So.2d 128, the judgment was affirmed. On defendants’ application, we granted certiorari.
 

 The exception of no cause of action is based on the premise that services rendered by children to their parents do not become debts of the parents’ successions because, if the parent is in need, the children are merely performing the obligation imposed upon them by law (see Article 229 of the Civil Code providing that “Children are bound to maintain their father and mother and other ascendents, who are in need;”) and, if the parent is not in need, the services are presumed to be gratuitous in the absence of an express or implied promise on the part of the parent to pay therefor. Farrar v. Johnson, 172 La. 30, 133 So. 352.
 

 The Court of Appeal found the exception untenable, holding that plaintiff was demanding reimbursement from his brothers and sisters for their virile share of the value of the services supplied to his mother, who' was not in necessitous circumstances.
 
 *241
 
 It said [33 So.2d 132]: “As one of 12 children he is endeavoring to obtain recourse against the other 11 for their virile share of the value of the services rendered by him to his mother who, far from being in penurious circumstances was the owner of 15 acres of land in her own right and the undivided half owner and usufructuary of 120 acres more, all of which was unencumbered when she died.”
 

 This ruling is incorrect for two reasons— (1) it misinterprets the gravamen of plaintiff’s claim and (2) is predicated on the inconsistent theory that, since plaintiff is seeking reimbursement from his brothers and sisters, the action is maintainable even though his mother was not in need at the time the services were furnished.
 

 Initially, a casual reading of the petition discloses that the claim is founded on an alleged indebtedness of the mother’s estate for the services rendered by plaintiff and defendants’ responsibility therefor is premised singly upon their unconditional acceptance of the succession. Therefore, the view of the Court of Appeal that plaintiff seeks reimbursement from his brothers and sisters “for their virile share of the value of the services rendered by him” is not justified by the allegations of the petition.
 

 We agree, of course, that a child, who has performed the obligation imposed by Article 229 of the Civil Code by furnishing support to his indigent parent, has a ■cause of action against his brothers and .sisters for partial reimbursement and that contribution may be enforced against each of the other children to the extent of their virile share. Succession of Guidry, 40 La. Ann. 671, 4 So. 893; In re Olivier’s Estate, 18 La.Ann. 594; Latour v. Guillory, 134 La. 332, 64 So. 130 and Succession of Dugas, 215 La. 13, 39 So.2d 750. But, obviously, the services rendered by the child under Article 229 of the Code cannot be charged as a debt of the parent’s succession for, as stated by the Court in Succession of Guidry, supra [40 La.Ann. 671, 4 So. 895]: “The fulfillment of that obligation does not transform the child into a creditor, capable of claiming reimbursement in any contingency. He has paid a debt imposed upon him by law, and simply remains in the condition of a debtor who has discharged an obligation.”
 

 Indeed, the liability of the brothers and sisters for contribution for their virile share is their personal obligation to the child who has supplied the support to the parent in need.
 

 Article 229 of the Code is wholly without application to the case at bar for the reason that the Court of Appeal has found the fact to be that plaintiff’s mother was not in a penurious condition. Hence, there was no obligation imposed upon plaintiff or any of the children to maintain the mother. In such circumstances, the services rendered by the child are presumed to be gratuitous in the absence of an express or implied promise on the part of the parent to pay. This is the tenet to which we
 
 *243
 
 adverted in Farrar v. Johnson, supra, where we said [172 La. 30, 133 So. 353]: “There is always a presumption, when such services are rendered by a son or daughter to the parent, that the services are gratuitous; and the law will not allow compensation in such cases without proof of a promise or expressed intention on the part of the parent to pay for the services.”
 

 The foregoing pronouncement is nothing more1 than a reiteration of the established jurisprudence of this court.
 

 A case directly parallel with the facts presented here is Succession of Templeman, 134 La. 798, 64 So. 718, where a Mrs. Rushing, one of the daughters of the deceased, filed an opposition to the administrator’s account for recognition of a claim for nursing services rendered her mother while the latter was bedridden suffering from a broken hip. The court subscribed to the rule that a child, who has supported and attended to the wants of an indigent parent during sickness and old age, is entitled to reimbursement from his brothers- and sisters but it stated:
 

 “There is no such case before us, as-the deceased was amply able to support herself, and her daughter and son-in-law' lived with her.
 

 “Where services are rendered to near relatives, they are presumed to be gratuitous, and no recovery can be had, unless-on express contract or its equivalent. Succession of Daste, 125 La. 657, 51 So. 677, 29 L.R.A.,N.S., 297.”
 
 [2]
 

 The exception of no cause of action in-the instant case is well founded and should have been sustained.
 

 The judgments of the district court and the Court of Appeal are, therefore, annulled and set aside and plaintiff’s suit is-dismissed at his costs.
 

 O’NIELL, C. J., takes no part.
 

 [1]
 

 She was the sole owner of one of these farms and half owner and usufructuary of the other.
 

 [2]
 

 Compare the views expressed in the Templeman case with our recent decision in Succession of Dugas, supra, where we recognized that there is a distinction between services rendered by children to their parents and that between collateral relatives, such as brothers and sisters. In the latter case, recovery may be had against the estate of the recipient of the services, even in. the absence of a promise to pay — for, as found in Succession of Dugas, there is no reason to presume that such services are administered solely for reasons of love and affection and are, therefore, gratuitous.