On Rehearing
HAMITER, Justice.
After further consideration of the instant cause the majority of the members of this court have concluded (with respect to the two primary questions presented) that: (1) in the will involved Mrs. Formby, the testatrix, intended that the donation made by her was to compensate her son, John Dixie Formby, for all services rendered up to the time of her death, which bequest is not prohibited by law; and (2) the services performed by the named son were sufficient to support the donation as a remunerative one against the claims of the other forced heirs.
Regarding the first conclusion, the original opinion correctly recognized that the jurisprudence is well settled that a remunerative donation may be created in a last will and testament; and, further, that under Revised Civil Code Article 1513 such a donation can never be reduced, even when forced heirs are concerned, below the value of the services rendered. See Succession of Henry, 158 La. 516, 104 So. 310 and Kiper et al. v. Kiper et al., 214 La. 733, 38 So.2d 507. But, according to the present view of *164 the majority, it was error to hold initially that a donation of that kind is invalid insofar as it purports to compensate for services which the testator anticipates are to be performed subsequent to the drafting of the testament.
A donation mortis causa cannot and does not take effect, as a disposition of property, until the death of the testator (Revised Civil Code Article 1469). Consequently, when the remunerative donation in a testament becomes so effective, and title to the bequeathed property is passable, it then constitutes a payment (a dation en paiement) in keeping with an expressed desire of the testator to compensate for all services rendered prior to death. Moreover, we find no prohibition concerning such a bequest in any of the provisions of our Revised Civil Code. Nor has any case been called to our attention which expresses disapproval of it. Rather, in Succession of Henry and in Kip-er et al. v. Kiper et al. (both cited supra) bequests of that kind were held to be valid.
In the Henry case the testatrix died January 24, 1921, she having lived (as planned) with her son, James M. Beckham, for some nine years prior thereto. Six of those years occurred after Mrs. Henry made her last will and testament on April 24, 1914, in which instrument she bequeathed her property to that son to compensate him for his love, attention and affection and for “the cost and expense that my support has been to him”. The contest (originated by other forced heirs) was over the validity of the bequest, and therein this court first found that the testatrix intended the donation as a remunerative one. Then we were required to establish the value of the services rendered by the son, because (as pointed out in the opinion) the donation would be subject to a reduction to that value in the. interest of the legitime of the forced heirs. In computing the services’ worth we included all nine years during which the testatrix received them (six of such years came after the will was written), and this was done despite the following specific argument contained in the brief to this court filed by counsel for the contesting heirs: “C. C., Art. 1523, says a remunerative donation is one the object of which is to recompense for services rendered. It does not say for services to be rendered, but not yet rendered. This being true, testator in the instant case could not recompense for services not rendered at the time she made the will. * * * ”
In the Kiper case the court found that the testatrix intended to compensate her daughter, Mamie Kiper, for services rendered; and, as against other forced heirs, it computed the value of such services for a period of eight years and three months, some three years and two months of which elapsed after the date of the will. Again, it is to be noted that in the brief to this court counsel for the opposing heirs argued that all of the services rendered could not be included since some were performed subsequent to the testament’s confection.
As to the intention of the testatrix herein, the language employed by her convinces us that she wished to compensate her son, John Dixie Formby, for anticipated as well as past services. In this respect we fully agree with the following observation of the Court of Appeal (127 So.2d 352, 355) : “Therefore, construing the provisions of the aforesaid will and, in giving consideration to the obvious intent and purpose of the testator, the conclusion can only be reached that the testator intended, by the expression
“ ‘ * * * he having provided for me during my lifetime, * * *.’
to give the will a restrospective effect from and as of the future prospective date of her demise and, as of that date, to compensate her son for services rendered her during her lifetime. It would thus appear that the donation was remunerative in character rather than air onerous donation and that the intent of the testator was to compensate the donee for services rendered to the date of the donor’s death.”
The language of the testament considered in Delaureal v. Roguet’s Succession, 177 La. *165 815, 149 So. 464 was not similar to that presented in this contest and, consequently, such case is inapposite. As said by the court therein: “Counsel for appellant contends that the quoted provisions of the will should be interpreted to mean that the testator intended the bequest to be remuneration not only for the services rendered by the legatee prior to the confection of the will, but also for the services he rendered the testator thereafter. The quoted provision of the will is not susceptible of such an interpretation. It is written in the present tense. The language is not ambiguous. It relates to, and in our opinion it clearly expresses, the testator’s intention to remunerate the legatee for services rendered during the years preceding the date of the will.” On the other hand the will now before us, as pointed out above, clearly expresses a desire to compensate for services rendered to the tastatrix until her death.
With reference to the above stated second conclusion, Succession of Henry and Kiper et al. v. Kiper et al. (both cited supra) amply support the proposition that services rendered gratuitously in the first instance may serve as a valid basis for a remunerative donation. In the Henry case the district judge had concluded that the services were not of the character as would permit such a donation, he (quoting from his written reasons) stating: “The services rendered by proponent to decedent were purely gratuitous on his part, so he testified, and were of such nature and kind as would readily be rendered by any normal son to his áged mother in her declining years”. However, without disputing this finding as to the nature and kind of services rendered, we said: “The rights of the son as legatee of the property do not depend upon any contract of compensation with the decedent, or upon any intention on his part to have charged for his services, while his mother was alive and residing with him.
“The legatee is not suing the succession in this case upon any contract, or upon a quantum meruit, for the recovery of the value of his services to the testatrix; but is claiming title to the property bequeathed to him, and which he has acquired by a dation en paiement from the testatrix, ‡ ‡ % it
The same issue was presented in the Kip-er case and, after reviewing the import of our holding in the Henry matter, we concluded: “From a review of the jurisprudence of this State, it appears that the presumption arises that services rendered to a parent by a child are gratuitous if he be the only child, but the jurisprudence seems to be conflicting as to whether this presumption arises if there be more than one child. However that may be, where there is an expressed intention shown to compensate a child for the services rendered the presumption of gratuity does not arise.
“Counsel for the plaintiffs has cited a number of decisions to the effect that the services rendered by a child to a parent are presumed to be gratuitous in the absence of an agreement or promise to pay or an intention on the part of the parent that the services should be paid for. We see no necessity to review these decisions since we have arrived at the conclusion there was an intention on the part of the testatrix to compensate Mamie Kiper for her services and in pursuance of such intention she had actually bequeathed the property to her.”
Among the cited decisions referred to in the last quotation (as is shown by the brief of counsel for plaintiffs in the Kiper case) were Succession of Daste, 125 La. 657, 51 So. 677, 29 L.R.A., N.S., 297 and Succession of Templeman, 134 La. 798, 64 So. 718. But those cases and Muse v. Muse et al., 215 La. 238, 40 So.2d 21 (all were cited in the original majority opinion herein) involved demands against successions for services rendered, the claims being based on contracts or quasi contracts. In none was a bequest made by the decedent, as here, to compensate for services performed.
Succession of Waechter, 131 La. 505, 59 So. 918 (also cited in the original majority opinion herein), is likewise readily distinguishable from the instant cause in that *166 therein the services for which the donation was ostensibly made were performed, as noted by the court, while the donee was a minor living with his father "and at his expense”. The opinion makes it clear that the court considered that the services rendered were sufficiently compensated for by the father’s maintenance of his son simultaneously with the rendition thereof.
Accordingly, we now hold that the bequest contained in Mrs. Formby’s will is legally enforceable, provided that, of course, there is adequate proof that services of the requisite value were actually performed by her son.
Concerning this proviso the Court of Appeal correctly detailed the nature and extent of the sendees performed by the son for his mother over a period of some thirty-three years (its findings are fully supported by the evidence adduced), and no useful purpose would be served by our again describing them. Suffice it to say that such court properly observed and held (127 So.2d 352, 357): “The trial court concluded that the value of the services rendered justified the bequest without reduction. Obviously, the trial judge found that the value of the services rendered equaled or exceeded the value of the property bequeathed. The legatee fixed a value of the services rendered at $250 per year. This is nowhere contradicted. From our review of the services rendered the mother, as heretofore pointed out, it would appear they are well worth that amount.”
For the reasons assigned the judgments of the district court and the Court of Appeal are affirmed. Opponents of the will involved herein shall pay all costs.
McCALEB, J., dissents adhering to the views expressed in our original opinion.
SUMMERS, J., dissents.