BARRY, Judge.
In this succession proceeding plaintiffs appeal the dismissal of their claim for contribution from their father’s siblings on the grounds of prescription. We affirm.
Plaintiffs are the children of Albert S. Glaudi, Jr. Their petition alleges that from 1950 until his death in 1970, their father provided room and board to his indigent mother, Antoinette Glaudi, amounting to approximately $42,000. Mrs. Glaudi died on September 17,1982. Plaintiffs filed suit on September 6, 1983 alleging La.C.C. Art. 229 entitles them to contribution from the siblings of Mr. Glaudi.
The claim of a child to recover for services rendered to a needy parent is a personal action subject to the prescription of ten years. La.C.C. Art. 3544; Muse v. Muse, 215 La. 238, 40 So.2d 21 (1949); Succession of Catalinotto, 144 So.2d 678 (La.App. 4th Cir.1962). The issue presented for review, apparently one of first impression, is when does the ten year period begin to run?
The trial judge, in a well-reasoned decision, held that prescription runs from the date of last services, regardless of whether the services terminate due to death of the parent or child. Because the services terminated in 1970 when Mr. Glaudi died, the trial court concluded that this 1983 suit prescribed.
Plaintiffs argue the prescriptive period begins upon the death of the needy parent and cite Succession of Guidry, 4 So. 893 (La.1888) and Succession of Dugas, 215 La. 13, 39 So.2d 750 (1949).
Guidry involved an only child who sought reimbursement from his mother’s estate for necessities supplied during her last illness. In denying recovery the court stated in dicta:
The case would be different if, instead of being the only child, the son had brothers or sisters; for in that case, as each and all would have been bound to provide entirely, as it were, in solido, for the wants and necessities of the mother, the child performing his obligation could *1129 have recourse against the other issue for contribution. He could, had the mother died solvent, have made good his claim against their share in the succession ... Succession of Guidry, supra at 895.
Dugas involved a sibling’s claim for services against other siblings in the succession of a deceased sister. The court noted that:
... recovery may be had for the services rendered the parent by one of the children against the other children who can be made to contribute their share rat-ably, and the claimant may recover this amount from the succession of the deceased parent. Succession of Dugas, supra at 752.
Plaintiffs rely on the quoted gratuitous language to argue that a child who has provided services to a needy parent cannot obtain contribution from his siblings by means of an independent civil action. They claim that the child’s only recourse is against the siblings’ share in the parent’s succession and prescription does not begin until the death of the parent.
Guidry addressed the issue of whether a child who provides services to a needy parent has a claim against the deceased parent’s succession. The court denied the claim and explained:
The French text of Article 229, Rev. Civil Code, as found in the Code of 1825, and which is taken from Article 205 of the Code Napoleon reads: “Les enfans diov-ent des alimens a leur pere et mere et autres ascendans qui sont dans le be-soin;” literally meaning: “Children owe alimony to their father and mother and other ascendants who are in need.” The word “doivent” “(owe)” implies a debt imposed upon them by law in that respect, for the satisfaction of which a civil action lies. Rev. Civil Code, Art. 233. The fulfillment of that obligation does not transform the child into a creditor, capable of claiming reimbursement in any contingency. He had paid a debt imposed upon him by law, and simply remains in the condition of a debtor who has discharged an obligation. Succession of Guidry, supra at 895.
Thus, Guidry makes it clear that a child who discharges the obligation imposed upon him by C.C. Art. 229 does not become a creditor of his parent’s succession. Instead, the child is relegated to a claim against his siblings for contribution to the extent of their virile shares. This claim can be satisfied either by an action against the siblings, or, if the parent dies solvent, by an action against the siblings’ share in the parent’s succession. Succession of Guidry, supra.
Guidry does not suggest that the court intended to restrict the child’s claim against his siblings to an action against the siblings’ share in the parent’s succession. Such a limitation would be contrary to the obligation imposed by C.C. Art. 229. As explained in Guidry, Art. 229 binds all children, in solido, for the wants and necessities of the parent. The liability of brothers and sisters for contribution for their virile shares is their personal obligation to the child who has supplied the support to the parent in need. Muse v. Muse, supra. It follows that this liability can be satisfied either by an action brought directly against the brothers and sisters or by a claim against their share in the parent’s succession.
Prescription does not begin to run in any case until a cause of action has accrued. Succession of Oliver, 184 La. 26, 165 So. 318 (1936). Succession of Catalinotto, 144 So.2d 678 (La.App. 4th Cir.1962) noted that: “Where these services are continuous up to the time of death, the prescription only begins to run at death.” Succession of Catalinotto, supra at 681. Although Catalinotto did not address the precise issue before us, its analysis is persuasive.
Why the services terminate is of no moment. Since the action accrues with the services, the prescriptive period should start whenever the services terminate. Mr. Glaudi’s assistance to his mother ended *1130 in 1970 and plaintiffs’ claim for contribution in 1983 has prescribed.
The judgment is affirmed.
AFFIRMED.