No. 2335.—SUCCESSION OF SUSAN NITCH—Opposition to the Executor's Account.

Expenses incurred for materials furnished and labor performed, at the request of the executor, for the preservation of the property of the succession, are properly chargeable to the estate, and are not prescribed by one year. The furnisher of materials, and labor done in repairs to the property of a succession, does not come under the class who are subject to the prescription of one year, as designated by article 3499 of the Civil Code.

An account founded on an agreement between the testatrix and her agent that she should pay board to the agent with whom she was living, is chargeable to the estate, and is not prescribed by one year.

APPEAL from Second District Court of New Orleans. *Duvigneaud*, J. E. *Bermudez*, for plaintiff and appellant. A. N. *Brickell*, for defendant and appellee.

TALIAFERRO, J. The opponent claims from the succession $1269, which he avers is the balance due by the succession on an account presented. This account is made up of various items, of which the principal one is the opponent's charge of $900 and $176 80 interest on that sum, alleged to be for boarding, washing and lodging furnished Mrs. Nitch, the decedent, from January 15, 1863, to July 15, 1865. To all the items of the account the executor pleads the prescription of one and three years. To the items charged for material and labor furnished for repairs of property of the estate since the death of the testatrix, he excepts that, if due at all, they are due by the executor, in his individual name, and are not chargeable to the succession. The item $100 for expenses of the last illness was reduced to $53 50. With this exception the opponent's account was sustained, and he had judgment for $1221 50.

The executor appealed.

The charges for materials furnished and labor performed, we think the succession properly liable. These expenses were incurred for the preservation of the property from decay, and enhanced the price realized by the sale of it. The benefits inured to all interested in the succession, as well creditors as legatees. The executor relies on the prescription of one year as barring the opponent's claim for materials furnished and labor done in the repairs to the property, and refers to

article 3499. Among the various debts enumerated in that article, as prescribed by one year, is "that of workmen, laborers and servants, for the payment of their wages." The opponent does not seem to us to come under the class here designated. He, it appears, was an agent of the estate and acted in these matters as an employer who contracted for the material and engaged the workmen who did the work, and made payment for all. On the part of the executor it is argued that the item for board is prescribed by one year, according to articles 3499 and 3500 of the Code. The article 3499 declares the prescription of one year against the claims of "inn keepers and such others, on account of lodging and board which they furnish." This prescription has been held to apply to claims for board in private houses where the proprietors or managers make it a business to furnish board at a fixed price. 2 An. 759; 3 An. 458; 5 An. 599.

It appears that the opponent in this case is a housekeeper; that Mrs. Nitch was a widow, childless, advanced in age and in infirm health; that she owned several houses and lots in New Orleans; that she was on terms of intimate friendship with the opponent and his family; that she intrusted to him to a great extent the management of her property, the collection of rents due her, etc. It is shown that there was an agreement between the parties that the testatrix should pay board; a verbal agreement, it seems, had existed in relation to a sale of a portion of her property to the opponent, and that compensation for board was to be deducted from the price to be given. This agreement was never carried out. It is not shown that the opponent ever had any other boarder, much less that he made a business of keeping a house for boarding persons. We can not, therefore, regard him as an innkeeper or as the keeper of a private boarding house, and, consequently, conclude that his claim is not subject to the prescription of article 3499. Neither does it seem barred by the prescription of three years. The opponent charges board for two years and a half, from fifteenth of January, 1863, to fifteenth of July, 1865. His opposition to the executor's account was filed June 16, 1868.

We see no error in the judgment.

It is therefore ordered, adjudged and decreed. that the judgment of the district court be affirmed, with costs.