### No. 8083.

## SUCCESSION OF MRS. HANNAH NEWTON.

The claim of the Administratrix for having supported her mother during her lifetime and administered to all her wants, could only be prescribed by ten years.

APPEAL from the Second District Court for the parish of Orleans. *Tissot*, J.

*Braughn, Buck & Dinkelspiel* and *W. O. Hart* for the Aministratrix and Appellant:

First—Where the answer sets up specially the plea of prescription, without any denial, the whole claim is thereby admitted, and proof offered in support does not affect the admission. 7 R. 468; 18 An. 161.

Second—Where a party for answer specially pleads prescription, the *onus* is on him to substantiate his plea on the trial of the cause. 15 An. 332.

Third—The prescription of one year is only applicable to claims for board in private houses, where it is made a business to furnish board at a fixed price, and does not apply where a person may occasionally have boarded; *a fortiori* not to the case of a person who never kept boarders in its literal sense. 22 An. 316; Marcadé Prescription, 212, 213.

Fourth—Nor does the prescription of three years apply to the last two cases above alluded to. 22 An. 316, Succession of Ann Frye, Opinion Book 53, folio 107.

Fifth—Where repairs are made on a house for the convenience of the occupant, or to repair damage done by her, and at her request, and do not improve the property, they must be at the expense of the occupant.

Sixth—Continuous and frequent acknowledgments of indebtedness prevent the acquiring of prescription

*Fred. Adolph* for Opponents and Appellees:

Where there is neither price fixed by the parties nor one left to the award of a third person named and determined, the agreement wants an essential ingredient to constitute a contract of lease. C. C. 2670, 2671, 2672; 17 An. 22; 19 An. 101; 20 An. 268.

A claim for rent of an immovable is prescribed by three years. .C. C. 3538; 22 An. 581, 325; 24 An. 73.

Claims for board and lodging are prescribed by one year. C. C. 3534; 2 An. 759; 3 An. 458; 5 An. 599; 3 An. 141; 21 An. 657.

Claims for money loaned are prescribed by three years. C. C. Article 3538.

The opinion of the court was delivered by

BERMUDEZ, C. J.　The attorney for absent heirs opposes the account presented by the administratrix, a daughter of the deceased, wherein she placed herself as a creditor for $5600 for rent and board.

We do not consider that the opposition really denies the facts giving rise to the claim, but view it as a denial of liability on the part of the succession, particularly as the same is barred by prescription.

7 R. 468; 18 An. 161; 15 An. 332.

The facts, that Mrs. Newton occupied premises belonging to the administratrix, her daughter, which were worth the monthly rent charged,

and that Mrs. Newton was fully provided for by her daughter, who ministered unto all her wants, are established.

The claim for rent is prescribed by three years. R. C. C. 3538; 22 An. 581, 325; 24 An. 73; that for board is prescribed by ten years.

It is not shown that Mrs. Hoffman, the daughter and administratrix, made it a *business* to keep boarders. R. C. C. 3534, 3544; 22 An. 316; Marcadé, Presc., 212, 213; Succession of Frye, O. B. 53, f. 107. *Nemo presumitur donare.*

It is, therefore, ordered and decreed that the judgment appealed from be amended so as to sustain the opposition of the attorney for absent heirs, so far only as to reduce the item of $1560 to three hundred and sixty dollars, $360; and the item of $4100 to three thousand dollars, $3000; that the account be amended accordingly, and that so amended, said judgment be affirmed with costs.