No. ——.

First Circuit Appeal

—

MRS. JOSEPH GALJOUR v. SUCCESSION
OF LIBERAL GALJOUR

—

(March 2, 1925. Opinion and Decree.)
(May 5, 1925, Rehearing Refused.)

—

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Prescription—Par. 89.**

Under Article 3534 of the Civil Code prescription of one year has no application when one through kindness furnishes board and lodging to a parent or friend though that person is not an innkeeper. In a case like that prescription of ten years applies.

(Civil Code, Art. 3544, Editor's note.)

2. **Louisiana Digest — Prescription — Par. 89; Evidence—Par. 28.**

Where one of limited means gives room and board to another of some means she is not presumed to have given the room and board gratis, even though she delayed her demand until after the death of the party to whom the room and board was given.

3. **Louisiana Digest—Evidence—Par. 280, 340, 344.**

Where a suit is brought within twelve months after the death of a party whose indebtedness is asserted, it is not indispensible to the proof of the claim under Act No. 207 of 1906, that the testimony of the plaintiff be corroborated by one credible witness. The testimony of plaintiff and corroborative facts or circumstances were sufficient proof to establish the debt.

4. **Louisiana Digest—Evidence—Par. 339, 340.**

Under Article 2277 of the Civil Code where the testimony of other witnesses besides that of the plaintiff shows that she furnished board and lodging to deceased and what it was worth, such testimony fully corroborates plaintiff and fully establishes her claim, even if she were suing under a contract.

Appeal from the Parish of Lafourche, Hon. Robert. B. Butler, Judge.

This is a suit against the administrator of an estate of deceased for board and lodging furnished deceased before he died. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Howell and Wortham, of Thibodaux, attorneys for plaintiff, appellee.

Caillouet and Caillouet, of Thibodaux, attorneys for defendant, appellant.

MOUTON, J.   Plaintiff sues the administrator of the Estate of Liberal Galjour for $1654.00 for board and lodging furnished deceased, and services rendered him during two separate periods of time, from Jan. 1, 1912, to August 20, 1913; and from Jan. 1, 1916, to Jan. 1, 1920.   In her petition she asked $20.00 per month for the first period, and $30.000 a month for the second.

This suit was filed Nov. 13, 1923, and therefore more than ten years after the part of the demand, dating between Jan. 1, 1912 and August 20, 1912, had accrued. The prescription of ten years filed by defendant was maintained as to this item, and correctly.   In this respect there is no contest.

Defendant contends that his plea of prescription of one year should also have been maintained as to the other portion of the demand, and that the district judge erroneously overruled his exception.

His plea is based on Article 3534, Civil Code which establishes the prescription of one year against the claim "of innkeeper and such others, on account of lodging and board which they furnish".

It is clearly shown by the record that plaintiff was not running an inn, hotel or boarding house when the deceased, Liberal Galjour, was lodging and boarding with her from Jan. 1, 1916, to Jan. 1, 1920, for which judgment was rendered in her favor. The deceased was her brother-in-law, came to live with her at her house when she

lodged and boarded him during the period of time above mentioned. There is no claim made for the other services mentioned in the petition and the issue presented is therefore as to whether or not the demand for lodging and boarding by plaintiff, as the owner of a private house, where no boarders were taken in at a fixed price, is prescribed in one year.

The contention of counsel for defendant is that this prescription applies to "innkeeper and such others" and which includes claims for board in private houses.

In Succession of Susan Nitch, 22 La. Ann. 316, the court held that this prescription applies to claims for board in private houses when the proprietors or managers make it a business to furnish board at a fixed price, and in support of this doctrine refers to Union Bank of Louisiana vs. Campbell, 2 La. Ann. 759; Campbell vs. Nicholson, 3 La. Ann. 458; Francois Hebert vs. Ambrose Lacour, 5 La. Ann. 599. In the Union Bank of Louisiana vs. Campbell, 2 La. Ann. 759, which appears to be the leading case on this question, the record, it is true, showed that Roberts, the claimant was a school master and was not an innkeeper. It was shown, however, that he took minors in his home as boarders at a fixed price. In referring to this, the court said:

"By taking persons to board with him for hire, Roberts assimilated himself to an innkeeper."

Evidently, having assimilated himself to an innkeeper he came within the meaning of the terms, "and such others" found in Article C. C. 3534, above reproduced. In Campbell vs. Nicholson, 3 La. Ann. 458, referred to in Succession of Susan Nitch, 22 La. Ann. 316, in passing upon the article of the Code under discussion, the court said:

"These articles embrace all persons within their categories who make it a business to give their labor, their art, or their supplies, for an adequate compensation, and with a view to profit."

The crux of the question in such cases as was therein announced by the court, is when such persons make it a business to give labor or furnish their supplies for an adequate compensation.

In the Succession of Susan Nitch, 22 La. Ann. 316, the other reference which appears there, is to the case reported in Francois Hebert vs. Ambrose Lacour, 5 La. Ann. 599. The only thing said about the nature of the demand in that case, Francois Hebert vs. Ambrose Lacour, 5 La. Ann. 599, is that the deceased lived with the plaintiff at the time of her death. The court therein refers to the cause of the action, which it says, was the same presented in the La. Ann. 229. In that case the claim of the plaintiff was for services, funeral expenses and taxes paid. The case was dismissed on a point that has no connection with the issue here presented. It was true, as was stated by the court in 5 La. Ann. 599, that it had in previous suits, held that the prescription of one year applies to board in private houses. Unquestionably, it had so applied the rule, but this application had been where the proprietor of the home had made it a business to charge for board, or had "assimilated himself to an innkeeper". In the Succession of Mrs. Hannah Newton, 33 La. Ann. 621, this question came up again for adjudication.. In that case the administratrix's claim against the succession was for the support of her mother during her life-time. It was said then that it did not appear that Mrs. Hoffma, the claimant, made it a business to keep boarders and it was held that her claim could be prescribed only by ten years. Chief Justice Bermidez, the organ of the court, refers in the decision to Succession of Susan Nitch, 22 La.

Ann. 316; Marcade Presc, 212, 213. There this author says:

"La regle sapplique, bien entendu
    aux maitres de pensions bourgeoises et tous autres faisant metier de loger et nourir le public.".

Further he says:

"Elle ne sappliquerait pas non plus a des bourgeois prenant en pension chez eux par complainsance, un parent ou ami. Ceux-ci ne sont alors ni hoteliers ou traiteurs, ni marchands; ils ne font en cela, ni metier ni commerce."

The above reasoning shows clearly that the prescription applies when the bourgeois, bourgess or private makes it a business to charge for board and lodging. It is however, distinctly stated by Marcade that the prescription finds no application when the private or bourgeois, through kindness, furnishes board or lodging in his name to a parent or friend, precisely the case here.

It is a well recognized principle that prescription can not be extended by analogy so as to make it extinguish the rights of a creditor. In the 2 La. Ann. 759, the court held that the plaintiff's case fell under the term "and such others" found in Article 3534, because he had assimilated "himself to an innkeeper". We do not think that it would be safe or sound to give the words "and such others" such an enlarged and liberal construction as to make them include a plaintiff claiming remuneration for board and lodging furnished to a brother-in-law, a single boarder, and not at a fixed price, which is the basis of the demand in the present suit.

We do not think that the issue submitted in the instant case was directly presented and passed upon in the decisions cited by learned counsel for defendant. If, however, the court in those cases held that the prescription of one year is applicable to a case presenting the facts here of record, we can not accede to such a ruling, and must hold that in our opinion, the true doctrine was announced in the decisions hereinabove referred to, which correctly hold that the prescription of ten years is applicable, and not that of one year, which was properly overruled below.

The next contention of the defendant is that plaintiff did not intend to charge for the board and lodging, and is therefore not entitled to recover.

Plaintiff, when she furnished this board and lodging, between Jan. 1916, and 1920, was then a widow with two children, and was not, as far as the record discloses, in affluence but was rather a woman of small means. Liberal Galjour, the deceased, must have had some means, and must have had some property, otherwise there would not have been such a spirited contest over this claim. Plaintiff was merely his sister-in-law and was no blood relation. To furnish board to him necessarily required that plaintiff should incur expenses, and also for his lodging, unless she performed household duties for his benefit. Expenses and work of this character are never presumed to be gratuitous. On the contrary, the reverse is the rule in cases of this nature, founded on the axiom, that no one is presumed to give, Succession of Mrs. Hannah Newton, 33 La. Ann. 621. The contention that plaintiff did not intend to charge, is based mainly on the ground that she delayed until Liberal Galjour was dead to make her demand. In referring to this delay the district judge said:

"But the real reason for plaintiff's delay in urging payment for said services was, no doubt, as suggested in the testimony, her vain hope, as it subesequently proved to be, that decedent, who was childless, would make her his principal legatee and thus indirectly recompense her perhaps to a greater extent than she could possibly expect from insisting on payment of his board and lodging."

This, we believe, was the motive by which plaintiff was actuated. Liberal Galjour died June 12, 1923, and this suit was instituted Oct. 23, 1923. No doubt, when plaintiff realized at the death of Galjour that she had not been compensated in his will, she took the necessary steps to enforce her claim by judicial process. In this respect she can not be charged with procrastination as her suit was filed in practically four months after the death of Galjour. If plaintiff allowed herself to be lulled into a false sense of security so as to permit the prescription period to extinguish her demand for the first portion of her claim, this is no reason to deprive her of the second portion for which she brought her suit some seven years before it would be barred by the lapse of time.

Counsel for defendant contends that parol evidence is incompetent to prove a liability upon the part of a party deceased, unless the testimony of the claimant is supported by at least the testimony of one credible witness under the provisions of Act 207 of 1906. The contention is that this credible witness required by the act, is lacking here. This act after declaring that a credible witness besides the plaintiff is required, goes on and says:

"Or unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor."

In this case the action was brought well within twelve months after the death of Galjour. Having been brought within that period, parol evidence was admissible, and the testimony of one credible witness, besides the plaintiff, was not indispensable to establish the indebtedness of the deceased debtor. The testimony of plaintiff and corroborating facts or circumstances were sufficient proof to establish the debt.

This we understand to be the last position taken by the Supreme Court on this question. See Succession of Manion, 148 La. 98, 86 South. 667. The claim here, it must be noted, is for a quantum meruit, and not upon a contract. The proof shows by the testimony of other witnesses besides that of plaintiff, that she furnished board and lodging to deceased, and what it was worth. Such testimony fully corroborates plaintiff and fully establishes her claim, even if she was suing under a contract. C. C. 2277.

The last buttress of the defense is that plaintiff claims the deceased promised to compensate her, and that her testimony stands solitary and alone to prove this promise. The fact is, that the demand of the plaintiff is not grounded on this promise. The claim she makes is for board and lodging furnished deceased from which his obligation sprung, and not from the promise. The promise was simply that he would recognize her in his will. He failed to do this, and the suit followed to enforce the payment for board and lodging on a quantum meruit for which plaintiff recovered judgment in a reasonable amount, and properly.

Affirmed.

ELLIOTT, J. Dissents. (Opinion may be found in 2 La. App 1605.)