PONDER, Justice.
 

 This is an appeal from a judgment dismissing an opposition to a provisional account filed in succession proceedings.
 

 Mrs. Antonia Simo, widow of Augustin B. Rousseau, died testate in the City of New Orleans on May 28, 1936, leaving a succession composed of movable and immovable effects. She was survived by no descendants nor living ascendants. Her last will and testament in the mystic form was filed, probated and ordered executed. The executor named therein declined to serve. A dative testamentary executor was appointed by the court and was duly qualified.
 

 During the course of the administration of the estate, the executor filed a third provisional account, proposing to distribute $3,600 among various particular legatees named in the will. Miss Edna Mae Savoy, an interdict, appeared through her curator and filed an opposition to the account, alleging that, under the provisions of the will, the funds should be decreed her property.
 

 Augustin B. Rousseau died testate sometime prior to the death of his wife, Mrs. Antonia Simo. It appears that his succession consisted of his one-half interest in property owned by the community existing between him and his wife. While the will probated and executed in his succession is not in this record, we gather that, under the provisions of the will, Miss Savoy received his entire interest in some of the community property and one-half of his interest in the remaining property. Under the will, Mrs. Antonia Simo Rousseau re
 
 *595
 
 ceived only one-half of his interest in a part of the community property.
 

 Mrs. Rousseau’s succession is composed principally of her one-half interest in all the community property _and, in addition thereto, a one-fourth interest in part of the community property.
 

 The pertinent provisions of Mrs. Rousseau’s will read as follows:
 

 “New Orleans, Louisiana, June 6, 193S
 

 “I give and bequeath to Miss Edna Savoy, who is residing with me, all my rights, title and interest in the succession of my late husband, Augustin B. Rousseau, and all my rights, title and interest .in the property and assets appertaining to said succession inherited by me under my husband’s olographic last will and testament dated September 7th, 1923, and which was admitted to probate and ordered executed by the Civil District Court for the Parish of Orleans. I also give and bequeath to the said Miss Edna Savoy all my furniture and household effects and all property, goods and effects contained in the iron safe at my residence number 700 Felicity Street, this City, I give and bequeath to Mrs. Rosa Ruiz and Miss Mary Chaplain, who reside at Number 922 Louisa Street, this City, conjointly, all my jewelry with the exception of my diamond ear ring, contained in my trunk on the second story of my residence, all my wearing apparel, and the sum of one thousand dollars.
 

 “I give and bequeath to Mrs. Laura Daunoy the sum of six hundred dollars; to Mrs. Ordine Famalora, the first cousin of my late husband, the sum of two hundred-.dollars; to Mrs. Oville Fourney, the sum of two hundred dollars; to Miss Julia Guillot, the sum of two hundred dollars; to Mrs. John Landry, the sum of two hundred dollars; to Mrs. Minnie Landry, the sum of one hundred dollars; to Miss Catherine Chaplain, the sum of one hundred dollars; to David Darrel Duprie, my, God son, the sum of five hundred dollars; to Miss Natta Duprie, the sum of one hundred dollars; to Louis and Leon Chaplain, brothers, each of the sum of one hundred' and fifty dollars; and to Mrs. Mermine Hale, of Connecticut, my diamond earrings. I give and bequeath to Rev. John Lorenz, of the Redemtoriests, the sum of one hundred dollars for masses for the repose for the souls of my late husband and myself. I desire to be buried in the St. Vincent De Paul Cemetery in this City; and to that end, direct my executor hereinafter named, to acquire with funds of my succession, a vault in the said cemetery wherein will be placed my body.
 

 “All the balance and remainder of the property, movable, immovable and mixed, that I may possess at my death, I give and bequeath to the Particular Council of New Orleans, Society of St. Vincent de Paul which I constitute as my universal legatee.”
 

 The controversy raised in the opposition to the account revolves around the following provision of the will:
 

 “I give and bequeath to Miss Edna Savoy, who is residing with me, all my rights, title and interest in the succession of my late husband, Augustin B. Rousseau, and all my rights, title and interest in the property and assets appertaining to said sue-
 
 *597
 
 cession inherited by me under my husband’s olographic last will and testament dated September 7th, 1923, and which was admitted to probate and ordered executed by the Civil District Court for the Parish of Orleans, * * * ’’
 

 Counsel for the appellant takes the position that the controversial portion of the will constitutes two separate and distinct legacies. He contends that these two legacies clearly show that the testatrix intended to bequeath whatever interest she had in the community property to the appellant. He argues that it was the intention of the testatrix to bequeath to Miss Savoy her interest in the community property received in her husband’s last will when she, testatrix, stated in her will that she gave and bequeathed to Miss Savoy all of her “rights, title and interest in the property and assets appertaining to said succession inherited by me under my husband’s olographic last will and testament dated September 7th., 1923,” and that it was the testatrix’ intention to bequeath to Miss Savoyi in addition thereto, the testatrix’ one-half interest in the community property, owned in her own right, when she stated in her will that she gave Miss Savoy all of her “rights, title and interest in the succession of my late husband, Augustin B. Rousseau.” Counsel bases his position on the ground that all the community property was inventoried in the husband’s succession, and a fair interpretation of this provision of the will manifests the intention of the testatrix to bequeath her half interest in the community property to the appellant. He contends that any other interpretation of this clause of the will would render it ineffective.
 

 We are not warranted in giving an effect other than that indicated by the language used in the will. From a careful reading of the provision in controversy, it is apparent that the testatrix intended to bequeath to the appellant only the interest in the property she received from her husband’s succession. This intention is clearly evinced by the qualifying words, “interest in the succession of my late husband” and “inherited by me under my husband’s olographic last will.”
 

 If we were to accept counsel for the appellant’s contention, all of the testatrix’ property would go to the appellant, and it would render meaningless the other dispositions in the will. This we cannot do for the reason that the other numerous dispositions in the will clearly show that the testatrix did not intend to bequeath all of her property to the appellant. We are compelled, if possible, to give meaning to every provision in the will in order to carry out the testatrix’ intention.
 

 The mere fact that the entire community property was listed in the husband’s succession is of no moment. Whenever an interest in property is inventoried, it is necessary to describe the entire property and then state what interest is involved. If the testatrix had intended to bequeath to the appellant her interest in the community property, she would have used some language to indicate such intention. This she did not do. In fact, she qualified the provisions in the will by using words which clearly show that she only intended to convey to the appellant the interest in the property she received from her husband’s succession.
 

 
 *599
 
 Counsel for the appellant contends that since the testatrix left no money in cash, all of the particular legacies calling for the payment of money were tacitly revoked. Counsel argues that it is presumed that the testatrix had sufficient money in cash to discharge these legacies at the time the will was made, and the fact that she had lost or had given away such funds was a tacit revocation of these dispositions.
 

 We see no merit in this contention. However, it would afford the appellant no comfort if it were otherwise for the reason that the universal legatee and not the appellant would be the beneficiary.
 

 For the reasons assigned, the judgment of the trial court is affirmed at appellant’s cost, and the case is remanded to the trial court to be proceeded with consistent with the views herein expressed.
 

 O’NIELL, C. J., does not take part.
 

 ODOM, J., absent.