38 So.2d 507

KIPER et al. v. KIPER et al.

No. 38249.

Dec. 13, 1948.

Rehearing Denied Jan. 10, 1949.

Thompson, Thompson & Sparks, of Monroe, for appellant.

Anders & Anders, of Winnsboro, for plaintiffs-appellees.

PONDER, Justice.

The plaintiffs, James P. Kiper and Fred Kiper, brought suit against Mamie Kiper and Mrs. Addie Kiper Gahagan seeking to partition by licitation 110 acres of land located in Franklin Parish, alleging that they and the defendants are the owners in indivision, in equal proportions of the property as the children and sole heirs of their deceased parents, Samuel F. Kiper and Hannah E. Kiper, who died intestate.

The defendant, Mamie Kiper, admits in her answer that the plaintiffs and defendants are the children and sole heirs of their deceased parents, but avers that both of their parents left last wills and testaments. She avers that her mother was the owner of an undivided one-half interest in the property as the surviving spouse in community, and one-third of her father's one-half undivided interest in the property through her father's will. She avers that her mother left a last will and testament in olographic form bequeathing the property to her, which reads as follows, viz.:

> "Winnsboro, Louisiana
> January 2nd 1941.

"This is my last will and testament.

"I revoke all prior wills by me made.

"Mamie Kiper has lived with me, has taken care of me and has been my sole support since the death of my husband S. F. Kiper. I will and bequeath to her my farm and home consisting of 110 acres of land in Franklin Parish and being the only land I own therein together with all household effects and will unto her all property of every kind real personal or mixed of which I may die possessed.

"The cattle now on my property are not owned by me, but are the separate and individual property of Mamie and I have no interest therein.

"I trust that all my children will respect my last wishes contained herein and will in no way or manner contest this will.

"I appoint my daughter Mamie Kiper executrix of this will give her full possession and seizen and dispense her from giving bond.

"This will is wholly written dated and signed by me in my own handwriting on this January 2nd 1941.

"(Signed) Mrs. Hannah E. Kiper"

She avers that her mother, by her last will, intended to compensate her for the services she had rendered her mother over a period of eight years and three months. She avers that her services to her mother were well worth $100.00 per month, or a total of $9,900.00, for the period of eight years and three months. She asks in the alternative, in event the will for any cause be annulled or reduced, for judgment against the plaintiffs for their proportionate part of the amount due her for the services she had rendered her mother. She asks for the probation of the will and to be appointed executrix.

The defendant, Mrs. Addie Kiper Gahagan, answered the suit supporting the position taken by Mamie Kiper.

The plaintiffs opposed the probation of the will and asked in the alternative for the disposition to be reduced to the disposable portion.

The judge of the lower court, on trial of the case, gave judgment recognizing the will and ordering its probation; reducing the disposition to the disposable portion, or one-third of the interest in the property owned by Hannah E. Kiper; rejecting the claim of Mamie Kiper for the services rendered the deceased; and ordering the costs to be paid out of the effects of the succes-

sion. The defendant, Mamie Kiper, has appealed. The plaintiffs have answered the appeal requesting an amendment of the judgment insofar as it decrees the will to be a remunerative donation. During the pendency of this appeal, James P. Kiper died and his son and only heir, James P. Kiper, Jr., has been made party to the suit.

Samuel F. Kiper died on February 23, 1936 leaving an olographic will bequeathing the property to his surviving wife, Mrs. Hannah E. Kiper. The inventory in his succession shows that he was the owner of one-half interest in this property at the time of his death and a one-half interest in movable effects, appraised at $115.00. The disposition in his will was reduced, on account of it being community property, by an agreement between the surviving spouse and heirs, and the surviving spouse was sent into possession of the one-third of the deceased's undivided one-half interest in the property and the four children were sent into possession of the remaining two-thirds of the undivided one-half interest. The surviving wife, having acquired an undivided one-third of an undivided one-half interest in the property under the will of her deceased husband and being owner of an undivided one-half interest in her own right, as widow in community, became owner of a two-thirds undivided interest in the entire property.

Mrs. Hannah E. Kiper, the surviving widow of Samuel F. Kiper and mother of the parties to this suit, died on March 29,

1944 leaving the olographic will heretofore referred to bequeathing the property to Mamie Kiper.

It appears that Hannah E. Kiper was seventy-four years of age at the time her husband died. Mamie Kiper, who had been residing with her father and mother, remained with her mother and rendered whatever services were necessary up to the date of her mother's death, at which time her mother was eighty-two years of age. Mamie Kiper and her mother resided on the farm over this period of time. While there is some dispute as to the services that Mamie Kiper rendered to her mother and the disability of the mother to perform the usual duties required in keeping house and looking after the farm, yet the preponderance of the evidence shows that Mamie Kiper did practically all the housework, attended to all the business in connection with the farm, and performed all the duties necessary for the comfort and welfare of her mother. From our appreciation of the evidence, the deceased suffered from illness during the latter part of her life which considered with her age required care and attention. While the testimony of the plaintiffs is to the effect that their mother was physically able to attend to the duties required of her, it is controverted by the defendants and to a great extent by the neighbors who testified in the case. However that may be, the evidence unquestionably shows that Mamie Kiper did most, if not all, of the housework; looked after the farm and rendered whatever services were necessary for the comfort and welfare of her mother. The other children only visited their mother a few times each year. Mamie Kiper testified that the money she had earned teaching school and taking census had been placed in her mother's account and used for their joint welfare. While the exact amount that she earned is somewhat indefinite, there is no evidence to controvert her testimony. There was approximately seventy acres of this land that could be cultivated. The evidence does not show the amount of rentals derived from the land. Undoubtedly the parties to this suit did not prove the amount of the rentals because they were not substantial. At the time that Samuel F. Kiper died, as shown by the inventory in his succession, he and his wife owned in community the 110 acres of land involved herein and personal property of the appraised value of $115.00. Considering this fact, the fact that the rental of the property was inadequate to support the deceased, and the fact that Mamie Kiper rendered whatever services were necessary, and the age of the deceased, it is evident that Mamie Kiper rendered valuable services to her mother.

It is contended that the bequest to Mamie Kiper is a remunerative donation intended to compensate her for the services she had rendered her mother.

█ The intention of the testator must be determined from the terms of the will. Article 1712, Revised Civil Code. In con-

struing this article of the Civil Code, this Court has on numerous occasions pointed out that the intention of the testator expressed in his will must prevail over all other rules in the exposition of wills. The remunerative donation is designed to recompense for services rendered, Article 1523, Revised Civil Code. The remunerative donation is not a real donation if the value of the services is slightly inferior to the value of the gift, Article 1525, Revised Civil Code. The rules peculiar to donations inter vivos do not apply to remunerative donations except when the value of the object given exceeds by one-half that of the charges or of the services, Article 1526, Revised Civil Code. A remunerative donation cannot be reduced below the estimated value of the services rendered, Article 1513, Revised Civil Code.

The outside value of deceased's interest in the property is $4,000.00 and Mamie Kiper rendered services to her mother over a period of eight years and three months. In computing the value of the services on a daily basis with the value of the gift it would amount to a wage of $1.31 a day. From our review of the services rendered to her mother, as pointed out heretofore, it would appear that they were well worth such amount. We, therefore, conclude that the value of the services is equal to the value of the bequest.

The testatrix states in her will that Mamie Kiper has lived with her, cared for her and been her sole support since the

death of her husband. This expression of the testatrix is the recognition of an obligation on her part to Mamie Kiper. She then bequeathes her property to Mamie Kiper which shows the testatrix recognized the obligation and intended to compensate Mamie Kiper for the services she had rendered.

In the case of Succession of Henry, 158 La. 516, 104 So. 310, where the testatrix in her will bequeathed all of her property to her son to recompense him for services rendered her, this Court stated that the intention of the testatrix that the bequest made to her son should be a remunerative donation is beyond all question of cavil.

It is true that in the Henry case the testatrix had lived with her son and had stated in her will that she bequeathed him the property to compensate him for his services and to reimburse him for the expenses he had incurred on her account. However, the pronouncements of law made therein are equally applicable to the case we have under consideration. We pointed out in the Henry case that the rendition of services creates an obligation forming a legal basis for the transfer of property. We further pointed out that a bequest of this nature is not a real donation but a dation en paiement, the giving by the testatrix of her estate to the universal legatee in payment of his services which is not subject to reduction because of the legitime claimed by the forced heirs if the value of the services are equal or in excess of the

value of the gift. We stated therein that the legatee was not suing the succession upon any contract or upon a quantum meruit for the value of the services, but claiming the bequeathed property, which he acquired by dation en paiement, for the services rendered having created the obligation and the legal basis for the transfer of the property in extinguishment of the obligation.

From a review of the jurisprudence of this State, it appears that the presumption arises that services rendered to a parent by a child are gratuitous if he be the only child, but the jurisprudence seems to be conflicting as to whether this presumption arises if there be more than one child. However that may be, where there is an expressed intention shown to compensate a child for the services rendered the presumption of gratuity does not arise.

Counsel for the plaintiffs has cited a number of decisions to the effect that the services rendered by a child to a parent are presumed to be gratuitous in the absence of an agreement or promise to pay or an intention on the part of the parent that the services should be paid for. We see no necessity to review these decisions since we have arrived at the conclusion there was an intention on the part of the testatrix to compensate Mamie Kiper for her services and in pursuance of such intention she had actually bequeathed the property to her.

For the reasons assigned, the judgment of the lower court is amended by reversing and setting aside that portion of it which reduces the bequest to the disposable portion and Mamie Kiper is now decreed to be the owner of the testatrix's two-thirds interest in the property. As thus amended, the judgment in all other respects is affirmed. All costs to be paid out of the effects of the succession.

O'NIELL, C. J., is of the opinion that the judgment appealed from should be affirmed.