135 So.2d 659 (1961)
C. B. LAMKIN et al., Plaintiffs-Appellants,
v.
Mary Eulalia HANNA, Defendant-Appellee.
No. 9602.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
Rehearing Denied December 27, 1961.
*660 Gahagan & Gahagan, Natchitoches, for appellants.
A. K. Goff, Jr., Ruston, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
The plaintiffs are C. B. Lamkin, John Lamkin and J. W. Hinton, children of Martha C. Lamkin, and Grace Ellis, Theta Home and Beatrice Rooth, the children of Lola L. Lamkin Richardson, a pre-deceased daughter of Martha C. Lamkin. The aforesaid children and grandchildren of Martha C. Lamkin instituted this suit against Mary Eulalia Hanna, also a daughter of Martha C. Lamkin, for the purpose of nullifying a notarial act dated August 20, 1959, recorded in Conveyance Book 96, page 381, of the records of Jackson Parish, Louisiana, wherein Martha C. Lamkin purported to sell to Mary Eulalia Hanna for a recited consideration of $1,000.00 one-half interest in eighty acres of land situated in Jackson Parish. The property so conveyed had an agreed evaluation of $1,600.00. Martha C. Lamkin died intestate on October 1, 1959.
The grounds of nullity urged by the petitioners are that at the time of the drafting of the instrument Martha C. Lamkin was non compos mentis, that the act was without consideration, and, therefore, a simulated transfer, and alternatively it is asserted the attempted transfer was an invalid donation. By answer defendant admitted the recited consideration was not paid but avers that from October 1, 1938 to May 28, 1959, except for certain periods enumerated in the answer, defendant rendered services in remuneration for which her mother executed the deed. Following a trial on the merits, judgment was rendered in favor of the defendant, rejecting the demands of plaintiffs, and recognizing the ownership of the defendant in and to the subject property.
The evidence preponderates to the effect that the deceased, although eighty-nine years of age at the time she executed the deed in favor of the defendant, was mentally sound and proof of the charge she was mentally incompetent was not made out. Therefore, as there is an admission that the recited cash consideration of $1,000.00 *661 was not paid, the issue tendered upon the appeal is whether or not the deed in question was supported by consideration by reason of services rendered by the defendant to her mother prior to August 20, 1959.
Under the heading of General Dispositions, LSA-C.C. Art. 1523 provides for three kinds of donations inter vivos, one of which is denominated the remunerative donation, the object of which is to recompense for services rendered. Another Codal article having relevancy to remunerative donations is Article 1497, which provides a donation inter vivos shall in no case divest the donor of all his property, but he must reserve to himself enough for subsistence, and if he does not, the donation is considered null for the whole. Article 1513, however, stipulates that remunerative donations can never be reduced below the estimated value of the services rendered. Article 1525 provides that the remunerative donation is not a real donation, if the value of the services to be recompensed thereby being appreciated in money, should be little inferior to that of the gift. The succeeding Article 1526 declares that the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services.
It is recognized in our jurisprudence that the remunerative donation is something in the nature of a reward given for services rendered. In this definition is would seem that remunerative donations comprehend a quid pro quo. See 19 Tulane Law Review, 265. The intent to give may be inferred from the relationship of the parties and from all the facts and circumstances. Succession of Zacharie, 119 La. 150, 43 So. 988 (1907). Where a conveyance is sought to be annulled by the forced heirs of the donor on the ground that she would be divested of all of her property in violation of LSA-C.C. Art. 1497, the burden rests upon plaintiff to prove that the donor has not reserved enough for her subsistence and that the value of the property donated exceeds by one-half that of the services intended to be compensated. Hearsey et al. v. Craig, 126 La. 824, 53 So. 17 (1910). In Kiper et al. v. Kiper et al., 214 La. 733, 38 So.2d 507 (1948), it was held that where a child has lived with and cared for the donor and had been the latter's sole support since the death of donor's husband, there was a remunerative donation not subject to reduction because of the legitime claimed by forced heirs, as the value of the services rendered were held to be equal to the value of the bequest. The court made the following comment:
"From a review of the jurisprudence of this State, it appears that the presumption arises that services rendered to a parent by a child are gratuitous if he be the only child, but the jurisprudence seems to be conflicting as to whether this presumption arises if there be more than one child. However that may be, where there is an expressed intention shown to compensate a child for the services rendered the presumption of gratuity does not arise." Id., 38 So.2d 510.
Justice Fournet in Succession of Dugas, 215 La. 13, 39 So.2d 750, 752 (1949) made this pronouncement:
"While an examination of the jurisprudence on this subject shows that claims made by children of a deceased parent for services rendered the parent during his lifetime are presumed to be gratuitous unless rendered pursuant to a contract, express or implied, and recovery therefore cannot be had particularly when the claim is for furnishing these services to parents in necessitous circumstancesas the children are only fulfilling the obligation imposed upon them by the express provisions of Article 229 of the Revised Civil Code. Succession of Guidry, 40 La.Ann. 671, 4 So. 893. But where there is more than one child, this court *662 has held that inasmuch as this obligation is imposed upon all of the children equally, recovery may be had for the services rendered the parent by one of the children against the other children, who can be made to contribute their share ratably, and the claimant may recover this amount from the succession of the deceased parent. In re Estate of Olivier, 18 La.Ann. 594; Succession of Newton, 33 La.Ann. 621; Succession of Guidry, supra; Latour v. Guillory, 134 La. 332, 64 So. 130; Succession of Templeman, 134 La. 798, 64 So. 718."
It is well established that services such as board, lodging, laundry and nursing are such for which a donor may make a remunerative donation. Kiper v. Kiper, supra; Succession of Francke, 219 La. 288, 52 So.2d 855 (1951); Succession of Gilbert, 222 La. 840, 64 So.2d 192 (1953); Succession of Formby, No. 45571 on the docket of Supreme Court of Louisiana, ___ So.2d ___.
The record in the instant case discloses that the deceased resided in the home of the defendant, Mrs. Mary Eulalia Hanna, for extended periods from 1938 until 1959, during which time the defendant cared for, nursed, fed and lodged her mother. The defendant's testimony was supported by numerous reputable witnesses. Mrs. Hanna furnished the court with a detailed estimated value of the services rendered over this long period of time and as a result of the accounting, after crediting the sum of $2,489.00 there still remained the sum of $6,626.00 over and above any amounts which were paid on account to Mrs. Hanna from her mother's old age pension or from other sources. This statement was not substantially controverted and it is our finding that it must be accepted as proof of the services rendered and for which a daughter has the right to expect remuneration from the mother.
Nor is there any serious doubt that Mrs. Lamkin intended to remunerate her daughter for those services when she executed the deed on August 20, 1959. Supporting testimony was furnished by Ruby Nell Cobb and also by Cornelia Hanna Belton, a daughter of the defendant and a deputy clerk of the Office of the Clerk of the Court of Lincoln Parish.
In summary, it therefore appears that the deed attacked by the plaintiffs was proven to be supported by a consideration which exceeded by far the object of the donation, and accordingly, the transfer of the property by the deceased to the defendant must be held to be valid.
It is, therefore, ordered, adjudged and decreed that there be judgment herein in favor of defendant, Mary Eulalia Hanna, and against plaintiffs, Mrs. Grace Ellis, Mrs. Theta Horne, Mrs. Beatrice Rooth, John Lamkin, C. B. Lamkin and J. W. Hinton, rejecting plaintiffs' demands at their cost and recognizing defendant, Mary Eulalia Hanna, to be the owner of that undivided one-half (½) interest in and to the following described property:
South Half of Southeast Quarter (S ½ of SE ¼)
Section 5, Township 16 North, Range 2 West, situated in Jackson Parish, Louisiana,
conveyed by Mrs. Martha C. Lamkin to Mrs. Mary Eulalia Hanna by act of conveyance dated August 20, 1959, of record in Conveyance Book 96, at page 381, of the records of Jackson Parish, Louisiana, free from any right, title or claim thereto by the named plaintiffs.