HALL, Judge.
The sole issue presented by this appeal is the interpretation of the following 'provision of decedent’s last will and ■ testament :
“I WILL AND BEQUEATH TO THE FOUR CHILDREN OF THE SAID MARIE LOUISE HILLER AND HER HUSBAND, SYLVAN HILLER, THE SUM OF $10,000.00.”
During the course of administration of this estate Sigmund Hiller (referred to in the will as Sylvan Hiller) filed a petition on his own behalf individually and on behalf of his minor children, Sandy (Stanford), Robert, Richard and Matthew Hit *200 ler, issue of his marriage to Marie Louise Hiller, in which he sought to have the Court interpret the quoted provision of the will as being a bequest of $10,000.00 to himself individually and $10,000.00 to each of his four children, and in which he prayed for a money judgment against the executor accordingly. This interpretation was opposed by the executor and by the universal legatees who. contended that the will merely provided for a $10,000.00 legacy to be divided equally between the four children, and that Sigmund (Sylvan) Hiller was not entitled to ánything under the will.
Subsequently a motion for summary judgment was filed by the universal legatees in which they prayed for the dismissal of all of Sigmund Hiller’s demands. This was followed by a motion for summary judgment filed by the executor praying for dismissal of all of Sigmund Hiller’s demands and for a decree fixing the legacy to the four children at $2,500.00 each, Sigmund Hiller to take nothing individually.
The District Judge rendered judgment:
a) Dismissing the petition on behalf of Sigmund Hiller in his individual capacity.
b) Granting judgment for $10,000.00 in favor of each of the four children, and
c) Dismissing the motion for summary judgment filed on behalf of the universal legatees.
The executor and the universal legatees appealed. Sigmund Hiller did not- appeal from that part of the judgment which dismissed his individual claim and that matter is not before us.
The question to be decided is whether the quoted provision of decedent’s will constitutes a legacy of $10,000.00 to the four children conjointly, 'or whether, as decided br the District Judge, each of the four children .is entitled to receive $10,000.00.
Pertinent to the issue are the following articles of the Civil Code:
“Art. 1712. In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.” LSA-C.C. Art. 1712.
“Art. 1715. When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention.” LSA-C.C. Art. 1715.
“Art. 1717. If it can not be ascertained whether a greater or less quantity has been bequeathed, it must be decided for the least.” LSA-C.C. Art. 1717.
In Kiper v. Kiper, 214 La. 733, 38 So. 2d 507 the Court.said:
“The intention of the testator must be determined from the terms of the will, Article 1712, Revised Civil Code. In construing this article of the Civil Code, this Court has on numerous occasions pointed out that the intention of the testator expressed in his will must prevail over all other rules in the exposition of wills. * * * ”
In Succession of Rougon, 223 La. 103, 65 So.2d 104 the Court said:
“It is fundamental that in the interpretation of a last will the intention of the testator is all important and controlling and the ascertainment of it must be undertaken, without departing, however, from the proper signification of the terms of the testament. LSA-Civil Code, Article 1712. * * *”
In Succession of Vatter, 192 La. 657, 188 So. 732, the rule is expressed as follows :
“ * * * Under the provisions of Article 1712, R.C.C., the intention of *201 the testator must be gathered from the words of the will and when the words of the will are plain and unambiguous the testator’s intentions should be ascertained from the language used in the will giving the words used their usual signification. * * * ”
In Theall v. Theall, 7 La. 226 it was said:
“ * * * This intention must be sought in the words which he has used in his will. It is not to be sought aliunde.
“But constructions and interpretations are =not to be resorted to for the discovery of the testators intention, when he has .used none but plain unequivocal expressions. -Candles are not to be lighted when the sun shines brightly.”
This Court had occasion to use the following language in Succession of Blue, La.App., 126 So.2d 195.
“The function of the court is to construe the will as written, to interpret what the testatrix said, not what we think she meant to say, and to give effect only to the express and not to the conjectural or probable intention of the testatrix. Succession of Montegut, 217 La. 1023, 47 So.2d 898; Succession of Price, 202 La. 842, 13 So.2d 240. We must give effect only to what is indicated by the language used in the will and restrict ourselves to this language itself when the intention of the testatrix can be ascertained therefrom. LSA-Civil Code Arts. 1712, 1715; Succession of Simo, 205 La. 592, 17 So.2d 889.”
There are numerous other decisions to the same effect.
The quoted provision of the will is clear and unambiguous. This being' so we are not permitted to seek the -testatrix’s intention aliunde. This is not a case where the provisions of LSA-Civil Code Article 1715 would be applicable.
The quoted provision clearly contemplates but one bequest of $10,000.00 to be received by the four children together. The language used fits in every respect the codal definition of a conjoint legacy (LSA-C.C. Art. 1707):
“ * * * The legacy shall be reputed to be made conjointly when it is made by one and the same, disposition without the testator’s having assigned the part of such co-legat'ee in the thing bequeathed.”
Had the testatrix intended that the four children should receive $10,000.00 apiece she would have used the word “each” or would have fixed the legacy at $40,000.00. To hold that each of the children should receive $10,000.00 would be in effect to rewrite the will.
In Succession of Irby, 174 La. 558, 141 So. 59 the Supreme Court held that a legacy to “Mary and Garland Wolfe $5,-000.00” was a joint legacy to them of $5,000.00 and not a $5,000.00 legacy to each of them.
In Succession of Vatter, supra a particular bequest read as follows:
“All my other nieces and nephews $5,000. * * * ”
Refusing to interpret this to mean that every niece and nephew was to receive $5,000.00 the Supreme Court said:
“As to the claim of the nieces and nephews that they are entitled to $25,-000 instead of $5,000, a mere reading of the will shows that the testatrix did not mean that each niece and nephew was to receive $5,000. For this court to arrive at a different conclusion it would have to read the word ‘each’ into the will. * * * The bequest is plain and unambiguous * * *... Under the provisions of Article 1712, R.C.C., the intention of the testator *202 must be gathered from the words of the will and when the words of the will are plain and unambiguous the testator's intentions should be ascertained from the language used in the ■will giving the words used their usual signification. * * * ”
Were there any doubt as to whether the amount bequeathed was $40,000.00 or $10,-■000:00 Article 1717 of the Code requires .-an "interpretation that the lesser amount ■was intended.
Apart from the above, when we read the 'will as a whole we find that the testatrix made three other bequests of $10,000.00, ■six bequests of $5,000.00, and several bequests of $3,000.00 and in every case each legatee is individually named and left a Specific amount. It would seem that if it had been the intention of the testatrix to léave a specific amount, such as $10,-000.00 to each of the four children she would have named them individually and would have specified the amount each was io, receive.
At the hearing below the District Judge, over objection, permitted the introduction of testimony to show the intention of testatrix. While it was improper to admit such testimony, the provisions of the will being plain and unambiguous, we have found nothing in the testimony which would indicate that the testatrix intended to leave anything more to the four children than $10,000.00 to be divided among them.
For the foregoing reasons the judgment appealed from is amended by reducing the judgment in favor of the four children of Marie Louise Hiller and Sigmund Hil-ler to wit: Stanford, Robert, Richard and Matthew Hiller, from the sum of $10,-'000.00 each to the sum of $2,500.00 each and by reversing that part of the judgment which dismissed the rule for summary judgment filed on April 15, 1963 by Helen Wolf, et ais. As so amended and in all other respects the judgment appealed from is affirmed. The mortuary proceedings are remanded for further proceedings according to law not inconsistent with the views herein expressed, all costs of this proceeding in both Courts to be borne by ap-pellee.
Amended in part, reversed in part, and remanded.