HOOD, Judge.
Richard J. McNeely instituted this action for a declaratory judgment interpreting the last will and testament of his deceased aunt, Mrs. Willie M. Garrett, and decreeing that plaintiff has the right to receive as a special legacy, in full ownership, certain items of real and personal property left by the testatrix. The defendants are the nine remaining collateral heirs of the decedent. The trial court rendered judgment decreeing, among other things, that plaintiff is the principal beneficiary of a trust affecting the home, some shares of stock and one-half of the bonds and money left by the testatrix. Seven of the .nine defendant collateral heirs have appealed.
*564 After a hearing on a motion to dismiss the appeal filed by plaintiff, we determined that the appeal should be maintained as a devolutive appeal. Succession of Garrett, 288 So.2d 659 (La.App. 3 Cir. 1974).
The only issue presented here is whether a specific legacy in the above mentioned will makes plaintiff, Richard J. McNeely, the principal beneficiary of a trust affecting the home place and certain stocks, bonds and money left by the testatrix.
Mrs. Willie M. Garrett died on September 13, 1972. She left no ascendants or descendants, but she is survived by a number of collateral relatives, consisting of a half sister and nine nieces and nephews, all of the latter being children of the testatrix’s predeceased brothers and sisters. Plaintiff, Richard J. McNeely, is one of the decedent’s surviving nephews.
Mrs. Garrett left an olographic last will and testament dated April 16, 1954, the principal portion of which reads:
“I hereby Willie M. Garrett bequest at my death. My home in Pineville La and my Stock in Colfax Bank and half % of my Bonds & Money be held in trust find for my nephew Richard McNeely whom I have raised. Let Bank hold the trust fund & allow him enought (sic), each year to finish school & be taken care of untill (sic) he is 2f years old. His birth year is 1944. Rufus F. Garrett (Red) Sr $2000 if its that much left and the rest if any after all debts are payed (sic) be divided equal among my Sister & Bro or thire (sic) heirs.”
The will was probated on September 19, 1972, and this suit was instituted about three months later, on December 21, 1972.
Plaintiff was 28 years of age when the testatrix died. He alleges, insofar as his pleadings are pertinent to the issue presented here, that the testatrix intended to bequeath to him, in full ownership, her home in Pineville, her stock in Colfax Banking Company, and one-half of her bonds and money. He contends that there is an ambiguity or uncertainty in that part of the will, which purports to make that bequest to him, and he prays for a declaratory judgment interpreting the will and decreeing that plaintiff is entitled to receive as a special legacy, in full ownership, the testatrix’s home, her stock in the above mentioned bank, and one-half of the bonds and money left by her.
Answers were filed by some of the defendants, alleging that the testatrix intended only to provide for plaintiff’s education through a trust fund arrangement until he reached the age of 21 years, and that she did not intend for plaintiff to receive any part of or benefit from the estate after that time. They contend that since plaintiff reached that age before the death of the testatrix, this special legacy did not come into effect, and that the will thus contains no special legacy of any properties in trust to plaintiff.
At the trial several witnesses testified that the testatrix, Mrs. Garrett, had cared for plaintiff in her home, as though he were her own child, from the time he was very young until after he was 21 years of age, and that Mrs. Garrett had discussed with plaintiff’s parents her desire to adopt him. Some of the witnesses stated that Mrs. Garrett had told them that she wanted Richard McNeely to have everything she possessed when she died. No one quoted the testatrix as having made a statement which was contrary to that.
The trial court concluded that the testatrix intended that plaintiff • w'as to be the principal beneficiary of a trust created by the will, and judgment thus was rendered recognizing plaintiff, Richard J. McNeely, as a special legatee of the testatrix, and as such as principal beneficiary of a trust relating to property which includes decedent’s home in Pineville, Louisiana, decedent’s stock in Colfax Banking Company, and one-half of the bonds and money left by her. The trial judge indicated in his written reasons for judgment that his conclusions as to that issue were based solely on the provisions of the will and not upon *565 the testimony which was produced at the trial. We have already noted that seven of the nine defendants appealed.
In the interpretation of a will the court must endeavor to ascertain the intention of the testator, without departing from the proper significance of the terms of the testament. LSA-C.C. art. 1712; Succession of Martin, 262 So.2d 46 (La. App. 1 Cir. 1972); Succession of Blue, 126 So.2d 195 (La.App. 4 Cir. 1961).
In Succession of Jarreau v. Succession of Jarreau, 184 So.2d 762 (La.App. 3 Cir. 1966), we quoted with approval the following language from Succession of Blue, supra :
“The function of the court is to construe the will as written, to interpret what the testatrix said, not what we think she meant to say, and to give effect only to the express and not to the conjectural or probable intention of the testatrix. Succession of Montegut, 217 La. 1023, 47 So.2d 898; Succession of Price, 202 La. 842, 13 So.2d 240. We must give effect only to what is indicated by the language used in the will and restrict ourselves to this language itself when the intention of the testatrix can be ascertained therefrom. LSA-Civil Code Arts. 1712, 1715; Succession of Simo, 205 La. 592, 17 So.2d 889.”
In the instant suit we have concluded that Mrs. Garrett, the testatrix, intended that Richard McNeely was to be the principal beneficiary of a trust affecting property which included the testatrix’s home in Pineville, Louisiana, her stock in the Colfax Banking Company, and one-half of the bonds and money left by the decedent. We thus find no error in the judgment rendered by the trial court. We think this conclusion is supported by the provisions of the will alone, without considering the testimony of witnesses.
The first sentence of the will indicates that the testatrix intended to create a trust fund with plaintiff, Richard McNeely, as the sole beneficiary. There is nothing in that first sentence which purports to limit the duration of the trust or to restrict the purpose of the legacy. The statement “whom I have raised,” contained in that first sentence, shows that the testatrix-had great affection for plaintiff. It thus is reasonable to assume that she intended for him to receive a substantial part of her estate.
In the last part of the will, the statements “if its that much left” and “the rest if any after all debts are payed,” indicate that the testatrix intended to dispose of the principal part of the estate by means of the special legacy to plaintiff, and that the remaining legacies are to be paid from the residue of the estate. It seems to us that the quoted words would not have been used if the testatrix had intended that the home place, the stock in the bank and one-half of her bonds and money were to be returned to the estate for distribution after plaintiff became 21 years of age.
We do not interpret the second sentence of the will as meaning that the trust will terminate when plaintiff reaches 21 years of age. Our view is that the testatrix, in using that sentence, intended that after plaintiff reaches 21 years, then it would no longer be required that the “Bank hold the trust fund,” and that thereafter the distribution of that fund would not be restricted to enough to finish school.
We have been influenced to some extent by the fact that the testatrix made no disposition in the will of the bulk of her estate, other than to plaintiff. If she had intended that the home place, her bank stock and a substantial part of her bonds and money would be returned to the estate when plaintiff became 21 years of age, we think she at least would have mentioned that fact in the will and perhaps would have made some other disposition of those items when that event occurred. The fact that she made no provision in the will for the disposition of the main part of her estate after plaintiff became 21 years of age *566 indicates to us that she did not intend that the trust or bequest would terminate at that time.
Our ultimate conclusion is that the testa- ’ trix intended to create a trust with plaintiff as the principal beneficiary, and that the duration of that trust was not limited to the time when plaintiff reached the age of 21 years. Our conclusion would be the same if we should consider the testimony which was presented at the trial.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.